**RANDLE v. NAUGLE et al. (No. 2065.)**

Court of Civil Appeals of Texas. El Paso. Oct. 20, 1927.

**1. Master and servant ⬳322—Abutting owner held liable for contractor's negligence in leaving unguarded and unlighted openings in sidewalk caused by removal of stumps.**

Owner of property *held* liable for injuries caused by negligence of contractor in opening holes in sidewalk and leaving them unlighted, where dangerous condition was created pursuant to contract for removal of stumps and construction of sidewalk; negligence being imputed to owner as matter of law.

**2. Municipal corporations ⬳808(2)—Unguarded and unlighted holes in sidewalk, caused by removal of stumps, held defects, making travel dangerous.**

Action of contractor in tearing up sidewalk and removing stumps from ground, thus opening up holes which were left unguarded and unlighted, *held* to constitute obstruction or defect, rendering sidewalk dangerous as way for travel.

**3. Master and servant ⬳322—Abutting owner's duty to protect public against damage by removal of stumps along sidewalk cannot be delegated to independent contractor.**

Owner owes duty of protecting public against damage caused by removal of stumps on sidewalk in front of owner's property which cannot be avoided or delegated to independent contractor employed to perform work.

**4. Master and servant ⬳315—Owner's active participation in negligent act of independent contractor is immaterial.**

Where law imputes to owner of property default or negligence of his agent, servant, or independent contractor in doing of work necessary to be done under contract, it is immaterial that owner of property was not himself actively negligent in performing act which caused injury.

**5. Trial ⬳351(5)—Issue of owner's negligence in leaving unlighted and unguarded hole in sidewalk held improperly submitted, where contractor's negligence was submitted.**

In action for injuries caused by falling into unlighted and unguarded hole in sidewalk, issue of negligence of owner of property who hired contractor to remove stumps and construct sidewalk *held* improperly submitted to jury, where facts necessary to determine contractor's negligence had been submitted and established.

**6. Trial ⬳360—Court, in rendering judgment, should disregard immaterial facts found by jury.**

Where fact found by jury is immaterial, court, in rendering judgment, should disregard such finding in order to render proper judgment on material facts of case.

**7. Appeal and error ⬳747(1)—Cross-assignments based on cross-action bringing in new party held not presented for review on plaintiff's appeal, in absence of appeal bond covering judgment in cross-action.**

Where, in court below, defendants brought in another party by cross-action, plaintiff's appeal did not present cross-assignments, based on cross-action to appellate court for review, where defendant failed to execute appeal bond covering judgment of trial court in cross-action.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by Mrs. Emma Randle against Key M. Naugle and Fred C. Herbst, in which defendants joined S. D. Mobley in a cross-action. Judgment for plaintiff against second named defendant only, and plaintiff appeals, and defendant second named files cross-assignments of error. Reformed, and, as reformed, affirmed.

Clint & Eades, of Dallas, for appellant.
Max R. Rosenfield, W. B. Harrell, and Terrell & Miller, all of Dallas, for appellees.

WALTHALL, J. Mrs. Emma Randle, a single woman, brought this suit against Key M. Naugle and Fred C. Herbst, the latter doing a building and construction business under the name of "Herbst Construction Company," to recover for personal injuries alleged to have been sustained by her in falling into a hole or excavation in a sidewalk on a street in the city of Dallas. S. D. Mobley was later vouched in as a defendant by Herbst and Naugle; Mobley having subcon-

tracted to put down the new cement sidewalk involved in the controversy.

We will refer to Mrs. Randle as plaintiff and to appellees as defendants, as in the briefs.

The undisputed evidence shows that defendant Key M. Naugle made a contract with defendant Fred C. Herbst to construct a building on a lot belonging to him (Naugle) on Jefferson street in the city of Dallas, Tex. The work to be done, under the contract, in the construction of said building, included the digging up of the old sidewalk in front of said lot and the putting down of a new cement walk from the building to be constructed out to the curb. Some stumps of trees in or near the edge of the sidewalk necessarily had to be removed in excavating for, and putting down, the new cement walk. Herbst employed Mobley to do the cement work in putting down the new cement walk. Mobley had his man dig up the old sidewalk, and dig up and remove the stumps on the day prior to the accident to Mrs. Randle. In digging up the old sidewalk, the sidewalk was left in a rough condition, and one or more open holes left where the stumps had stood. On the night of the accident Mrs. Randle was walking along the sidewalk, and stepped or fell into one of the open holes made by the removal of one of the stumps, and was injured. At the time of the accident there were no lights or guards at or near the sidewalk at the place of the accident to notify pedestrians of the sidewalk of the open holes, and Mrs. Randle did not know the holes were there. The place where the accident occurred was a public street in the city of Dallas. Mrs. Randle sued for damages actual and exemplary, and alleged the facts substantially as above stated. Key M. Naugle answered by exceptions general and special, general denial, alleged that Herbst was not his agent in the construction of the sidewalk as alleged by Mrs. Randle, but was an independent contractor, and as such entered into the contract under the name of Herbst Construction Company for the erection of a building on a lot owned by him, under certain plans and specifications set out in writing; that, among other things provided in said plans and specifications, Herbst was to construct the sidewalk running in front of said building from the edge of the building to the curb; that, unknown to him, Herbst, in pursuance of the terms of his contract and the plans and specifications, had the stumps removed, the exact circumstances of which are unknown to him; that he had no knowledge of the removal of said stumps, and, if there was negligence in their removal, it was the negligence of Herbst; that Herbst agreed to secure and pay for all permits required and to be responsible for observance of all ordinances, rules, and regulations in force; denied that he had any contract with Mobley. He adopts paragraphs 5, 6, and 7 of Mob-

ley's amended answer. He prays that he go hence with his costs; and, if any judgment is rendered against him, in that event he have judgment over against Herbst and Mobley.

Herbst answered by general and special exceptions, general denial; denies that he, or any one under his direction, dug any hole in the sidewalk; pleads the contract with Naugle as stated above as to the contract to erect the building and sidewalk, and alleges that it was understood and agreed with Naugle that he (Herbst) was not to make the excavation complained of by Mrs. Randle; that he made a subcontract with Mobley as to the construction of the sidewalk, and that Mobley, without direction from him, made the excavation complained of; and that it was Mobley's duty to protect against same. Herbst prayed that Mobley be made a party to the suit, and that for any judgment against him he have judgment against Mobley. Mobley answered the pleadings of Herbst and Naugle asking relief over against him. He answers by general demurrer, general denial; says there was no contractual relation between him and Naugle; that the work he was doing about the property was under an oral contract with Herbst; in paragraphs 5, 6, and 7 pleads contributory negligence on the part of Mrs. Randle, and prays that Herbst and Naugle take nothing against him. Mobley filed a trial amendment stating, in substance, that the stumps had not been removed by either Herbst or Naugle, and that he undertook to do so at the request of Mrs. Naugle, mother of defendant Naugle, who was acting for and as agent of defendant Naugle.

Mrs. Randle filed supplemental petitions in reply to answers of all defendants, consisting of exceptions and general denial.

We have not found in the record any ruling of the court on any exception, general or special, to any pleading of any party.

The case was tried with a jury, and submitted upon special issues. The issues submitted are 30 in number. On the issues submitted the jury found, in substance, as follows:

(1) The plaintiff was injured while walking along Jefferson street by stepping or falling into a hole dug in or near where the original sidewalk had lain in front of the property of K. M. Naugle, and upon which certain improvements were being made by defendant Fred C. Herbst, and described in plaintiff's petition.

(2) The contract between Naugle and Herbst for the construction of the building upon Naugle's property included the sidewalk in front of the property.

(3) Plaintiff exercised ordinary care in walking upon the sidewalk at the time she fell into the hole.

(4) The hole was dug in connection with the construction of the improvements and

cement work contracted to be done by Herbst for Naugle.

(5) Such hole, at the time plaintiff was injured, was open, and without guards, lights, or protection around it.

(6) Herbst was guilty of negligence in leaving such hole open and without guards, lights, or other protection around it.

(7) Herbst's negligence was the proximate cause of the injuries sustained by plaintiff.

(8) Naugle was not guilty of negligence in leaving such hole without guards, lights, or other protection.

(9) (Referring to the proximate cause of negligence of Naugle, in query 8, not answered.)

(10) Mobley was not guilty of negligence in leaving the hole open and without guards, lights, or other protection, "because he was acting for Herbst Construction Company."

(11) (Depending on affirmative answer to No. 10, was not answered as to proximate cause.)

(12) The construction of the improvements contracted by Herbst for Naugle necessarily constituted an obstruction or defect in the sidewalk along and in front of Naugle's property such as to render it dangerous to persons walking along and over same at night, if left unprotected by lights, guards, or other protection to notify pedestrians of such defects.

(13) Naugle contracted with Herbst, or Herbst Construction Company, to remove the trees, and excavate the stumps in front of said property.

(14) Naugle did not agree to remove or cause the stumps to be removed.

(15) Staggs, an employee of Mobley, acting for the Herbst Construction Company, removed the stumps.

(16 and 17) Mobley's work in removing the stumps was at the request, and with the knowledge and consent, of both Herbst and Naugle.

(18) Plaintiff did not know of the general condition of the sidewalk about the property prior to the accident.

(19) The (old) sidewalk in front of the lot had been removed prior to the time of the accident.

(20 and 21) After the removal of the sidewalk, there was no safe place along the sidewalk in front of the lot for pedestrians to travel.

(22) There were not sufficient lights at or near the place of the accident for plaintiff to have found a safe place to walk had she exercised ordinary care.

(23) Mrs. Naugle was not the agent of Naugle.

(24) Herbst undertook by his contract with Naugle to dig up the trees by their stumps, or cause same to be dug up.

(25) The hole so dug caused an obstruction to pedestrians.

(26 and 27) Naugle knew that the trees would have to be, and had been, dug up by their stumps.

(28) Plaintiff is entitled to $1,100 actual damages as the result of her injuries complained of.

(29) Plaintiff is entitled to recover of Herbst $500, exemplary damages; the injuries complained of being the direct and proximate result of gross negligence on his part.

(30) Plaintiff is not entitled to recover exemplary damages from Naugle.

All parties filed objections and exceptions to portions of the issues submitted.

Plaintiff submitted a form of judgment and motion to enter the judgment as submitted, based upon the issues found by the jury, which the court refused. The court entered judgment that plaintiff recover against Herbst alone in the sum of $1,600; that plaintiff ought not to recover of Naugle and Mobley; that Naugle and Herbst recover nothing of Mobley on their cross-actions. Plaintiff filed a motion to set aside the judgment and enter judgment in her favor against Naugle and Herbst for $1,100 for actual damages, and against Herbst for the additional sum of $500 exemplary damages. The court overruled the motion. Herbst filed a motion for a new trial. The court overruled the motions of each plaintiff and Herbst, to which each excepted and gave notice of appeal. Plaintiff, Mrs. Randle, prosecutes this appeal. Herbst filed cross-assignments of error.

### Opinion.

While plaintiff, appellant here, submits fifteen propositions, they are discussed under two propositions, the first submitting that, under the pleadings, the evidence, and the findings of the jury, judgment should have been entered for plaintiff against Naugle for the actual damages assessed by the jury.

For the purpose of the proposition a brief statement of the facts shows that Naugle, the owner of the lot, contracted with Herbst, a contractor and builder, and contracting and doing business as such under the name of Herbst Construction Company, to erect on the Naugle lot a building according to certain plans and specifications, and in front of the building Herbst, by additional verbal agreement with Naugle, was to remove the old sidewalk, and put down a cement sidewalk from the building out to the curb. Included in the agreement Herbst was to remove some trees and take up the stumps from in front of the building.

Mobley had the contract from Herbst for the sidewalk part of Herbst's building contract with Naugle. Mobley's employees took up the stumps in preparing to put down the new cement sidewalk. A hole was made where one of the stumps was taken up, and into which Mrs. Randle fell and was injured. In response to questions submitted, the jury

found that Naugle was not guilty of negligence in leaving the hole from which the stump was taken open and without light or guards.

Herbst and Mobley were each independent contractors in the parts of the contract each was to perform in the construction of the building and in putting down the sidewalk, including the taking up of the stumps. Was Naugle liable to plaintiff, Mrs. Randle, for the actual damages sustained by reason of the negligence in leaving the hole, from which a stump was removed, unprotected by guards, lights, or otherwise?

[1] If Naugle is liable for the damages sustained by reason of the negligence of either Herbst or Mobley in leaving the hole unprotected, it would be by reason of the law itself, imputing the negligence to him as the owner of the lot and contracting for the erection of the building and replacing of the sidewalk, in the performance of which the negligent act or acts were committed. A somewhat similar case to the instant case is that of Kampmann v. Rothwell et al., 101 Tex. 535, 109 S. W. 1089, 17 L. R. A. (N. S.) 758, and referred to, and relied on, by Mrs. Randle. A brief statement of the facts of that case, as made in the opinion, is to the effect that Mrs. Kampmann owned property in San Antonio. Anterior to Rothwell's injury Mrs. Kampmann employed contractors, which made them independent contractors, to build a sidewalk in front of her property. The sidewalk was eventually constructed in accordance with, and under, the contract. Mrs. Kampmann gave no directions as to how the work should be done, or anything connected with it, except to point out the place where the work was to be done. The contractors took out a section of the sidewalk, about six feet long, and replaced it with fresh cement and concrete, and, in order to protect it from injury by persons walking over it, laid planks lengthwise upon it. The walk was on the side of a public street; there was no light, guard rail, or other protection to notify pedestrians of the danger in using the sidewalk. Rothwell, while walking along the sidewalk at night, was injured by falling over the ends of the planks. He sued Mrs. Kampmann for damages, and she pleaded over against the contractors. The trial court directed a verdict in favor of the contractors, and the jury found against Mrs. Kampmann. The Supreme Court held Mrs. Kampmann liable for the injury caused by the negligence of the contractors, and quoted the rule of law as applicable to the case from the statement of the Supreme Court of the United States in Robbins v. Chicago City, 4 Wall. 678, 18 L. Ed. 427, in which it is said:

"The party contracting for the work is liable. * * * Where the work to be done necessarily constituted an obstruction or defect in the street or highway, which rendered it dangerous as a way for travel and transportation, unless properly guarded, or shut out from public use; that in such cases the principal for whom the work was done could not defeat the just claim * * * of the injured party, by proving that the work which constituted the obstruction or defect was done by an independent contractor. * * * Where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party." (Several cases are cited, which we omit.)

[2, 3] In that case it was also held that the contractors were liable; thus reversing the trial court in directing the verdict as to them and the Court of Civil Appeals in sustaining the direction given. It is true in the case at bar, as in the Kampmann Case, that tearing up the sidewalk and removing stumps from the ground as the owner, Naugle, and the independent contractor agreed should be done, thus opening holes in the sidewalk, necessarily, and as found by the jury, constitutes an obstruction or defect in the sidewalk which rendered it dangerous as a way for travel, unless the danger is disclosed by lights or otherwise. This court so held in Harris v. Farmers' & Merchants' State Bank of Ranger. et al. (Tex. Civ. App.) 239 S. W. 1027; Houston Belt & T. Ry. Co. v. Scheppelman (Tex. Com. App. Section A) 235 S. W. 206; Kampmann v. Rothwell, 107 Tex. 535, 109 S. W. 1089, 17 L. R. A. (N. S.) 758; Wilson v. Crutcher (Tex. Civ. App.) 176 S. W. 625; Cameron M. & E. Co. v. Anderson, 34 Tex. Civ. App. 105, 78 S. W. 8, citing cases which we omit, and affirmed 98 Tex. 156, 81 S. W. 282, 1 L. R. A. (N. S.) 198. The duty of protecting the public against the danger caused by the removal of the stumps is a nondelegable duty of the owner of the property, and he cannot, by employing an independent contractor, relieve himself from liability for doing work from which injury will naturally result to another, unless means are adopted to prevent it. 23 A. L. R. 1016, 1081.

[4-6] Where the law itself imputes to the owner of the property the default or negligence of his agent, servant, or his independent contractor, in the doing of the work necessary to be done under the contract it is immaterial that the owner of the property was not himself actively negligent in the negligent act causing the injury. The removal of the trees and stumps were a part of the work to be done under the contract in putting down the cement sidewalk from the building to the curb. The hole in the sidewalk caused by the removal of the stump necessarily obstructed the travel by footmen upon the sidewalk. It therefore became the duty alike of the owner and contractors to guard against what would seem to be inevitable, some footman stepping in the open and unguarded hole. The negligence of Naugle

being imputed to him, as matter of law, by reason of the negligence of his independent contractor, the issue of the fact of active negligence of Naugle, submitted to the jury, becomes an immaterial issue. The fact that Naugle was the owner of the property, and the matters of the contract to erect the building, remove the trees and stumps, and put down a new sidewalk, and the facts necessary to determine the liability of the independent contractor, having been submitted and established, it was both unnecessary and improper to submit the issue of Naugle's negligence, as in issue 8; his liability being one of law and not of fact for the jury. The fact found being immaterial, the court in rendering the judgment may and should disregard the finding in order to render a proper judgment on the material facts. Cortimeglia v. Davis (Tex. Com. App. Section A) 292 S. W. 875; Liverpool & London & Globe Ins. Co. v. Cabler (Tex. Civ. App.) 271 S. W. 441.

We have concluded that Naugle is liable for the actual damages sustained by the plaintiff, and the judgment should have been so rendered.

[7] Herbst, in his answer to plaintiff's suit, alleged that it was the duty of Mobley to protect the public against any excavations and obstructions in the sidewalk, of which plaintiff complains, and that, should he be held to any liability toward plaintiff, then he says that he should have judgment over against Mobley for any sum that he is held for, and prays that, in such event, judgment be so rendered. Judgment was not rendered in his favor against Mobley, and Herbst filed cross-assignments of error, made a part of the record here, and to the effect that the court was in error in not rendering judgment in his favor over and against Mobley. In his brief he presents his said cross-assignments to this court. Herbst did not perfect an appeal from the judgment of the trial court by executing an appeal bond, and we are without jurisdiction to consider his cross-assignments assailing the judgment as complained of. The appeal by the plaintiff does not bring Herbst's cross-assignments as to Mobley before this court for review. Wright v. Bott (Tex. Civ. App.) 163 S. W. 360, and cases cited; Slaughter v. Morton et al. (Tex. Civ. App.) 195 S. W. 897 (writ refused), and many other cases cited in 2 Michie, Digest, 268.

The judgment of the trial court is reversed in part and affirmed in part as above indicated, that is, that plaintiff, Mrs. Randle, also have judgment against defendant Naugle in the sum of $1,100 actual damages sustained by her, and interest thereon at the rate of 6 per cent. per annum from October 2, 1926, and that the case in all other respects be affirmed.

Reformed, and, as reformed, affirmed.