## VINEY v. CASUALTY RECIPROCAL EXCHANGE.

### No. 1416.

Court of Civil Appeals of Texas. Eastland.
March 29, 1935.

Rehearing Denied April 26, 1935.

Smith & Smith, of Anson, for appellant.

E. C. Gaines, of Austin, for appellee.

HICKMAN, Chief Justice.

This case arose under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). In a nonjury trial recovery was denied the claimant. The trial judge made the following findings of fact: "The court finds that the plaintiff, W. N. Viney, sustained an accidental injury on the 28th day of November, 1932, in the following manner: that the plaintiff lived about 4 miles from the town of Haskell and was engaged during the day working for the Duncan Gin Company and that he had been so engaged since the 20th day of August, 1932, up to the 28th day of November, 1932; that his hour to begin at the gin was 6 o'clock a. m. each morning, that he would leave his home each morning between 5 and 5:30 o'clock on horse back and ride to the Duncan Gin Company; that he left his horse tied at one place, to-wit, at the end of the seed house. On the morning of the 28th day of November, 1932, plaintiff left his home about the usual time on the same horse that he had been accustomed to riding to the gin and traveled the same route from his home to the gin, and traveled through his neighbors' pasture. It was still dark and his horse, while being ridden, ran into the wire fence, fell over the fence, threw the plaintiff off and fell on the plaintiff's left leg, after which plaintiff and the horse got up, plaintiff got back on the horse in the usual manner and continued to ride in a gallop until he reached the end of the seed house at the Duncan Gin in the town of Haskell where he got off his horse just before 6 o'clock a. m. and stooped to pick up the halter to tie his horse and plaintiff's left leg gave way and he fell on his left hip. That plaintiff sustained a fracture to the bone of his left hip joint either when his horse fell over the fence or when his leg gave way at the gin and he fell upon his left hip, but his injury was received before he entered upon the duties of his day's work at the Duncan Gin. There was a public road, leading from plaintiff's house to the gin and the employer had no control whatever over the pasture through which plaintiff was riding when his horse fell."

Upon these findings he made the following conclusion of law: "The court concludes as a matter of law that the plaintiff was not in the course of his employment for the Duncan Gin Company at the time he sustained said injury on the 28th day of November, 1932, and therefore, plaintiff was not covered by the policy of Workmen's Compensation Insurance at said time and should not recover."

The facts well support the findings, and the correct conclusion of law was drawn therefrom. American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949 (error refused); Boatright v. Georgia Cas. Co. (Tex. Civ. App.) 277 S. W. 802 (error dismissed); Ætna Life Ins. Co. v. Palmer (Tex. Civ. App.) 286 S. W. 283 (error

refused); London Guaranty & Accident Co. v. Smith (Tex. Civ. App.) 290 S. W. 774 (error refused); Royalty Indemnity Co. v. Madrigal (Tex. Civ. App.) 14 S.W.(2d) 106; Lloyds Cas. Co. v. Rodriguez (Tex. Civ. App.) 36 S.W.(2d) 261 (error refused).

 The general rule is that an employee is not entitled to workmen's compensation for an injury received while going to and returning from his place of work. In certain cases exceptions to the general rule have been recognized, as, for example, (a) where the employer furnishes the conveyance, and (b) where the way traveled must necessarily be traveled as the only way to and from the work, and is not traveled by the public generally. The facts of the instant case do not bring it within any of these exceptions.

Affirmed.