**Lois DISHMAN et vir, Appellants,**

**v.**

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 17014.

Court of Civil Appeals of Texas.

Fort Worth.

April 18, 1969.

Rehearing Denied May 16, 1969.

R. G. Guthrie, and Ernest May, Fort Worth, for appellants.

Cantey, Hanger, Gooch, Cravens & Scarborough, and Estil Vance, Jr., Fort Worth, for appellee.

LANGDON, Justice.

This is a workmen's compensation case appealed from a summary judgment granted for the defendant.

On this appeal it is contended that the court erred in summarily holding that the plaintiff was not in the course of employment when injured.

We affirm.

The essential facts reflected by the record, which are germane to this appeal, are undisputed.

The appellant, Lois Dishman, was an employee (a clothes inspector) of Monarch

Laundry and Dry Cleaning Company, hereinafter referred to as Monarch. She commenced such employment on March 8, 1967.

The Monarch building is located on the north side of West Lancaster Street, a four-lane public street which runs in an easterly-westerly direction. Farrington Field, which is owned by the City of Fort Worth or the Fort Worth School System, is located on the south side of West Lancaster Street directly across the said street from Monarch. There are public parking facilities on the south side of Lancaster adjacent to and serving the needs of Farrington Field which consists of a stadium, gym and other sports facilities.

The streets in the immediate area of Monarch are for the most part restricted as to parking by the City and various business establishments. The latter reserve such spaces for their customers. The public parking space at Farrington Field provides a convenient parking area for the employees of Monarch and of the other companies in the vicinity.

On June 14, 1967, at about 7:10 A.M., the appellant parked her car on the public parking facilities adjacent to Farrington Field. While in the process of walking across the east bound lanes of West Lancaster Street to Monarch she was struck by an east bound motorist who was not an employee of Monarch and was not otherwise connected with it.

In crossing the street the appellant was not performing any duties of her employment. The only work and services of the appellant attendant to her employment by and for Monarch were to be performed in the dry cleaning department located in the Monarch building on the north side of West Lancaster which was across the four-lane street from Farrington Field.

Appellant could not commence nor could she perform any of the duties and services required of her except in the Monarch building. She was not required to punch in to commence her duties prior to 7:55

A.M. While she customarily arrived at an earlier time to perform certain preliminary tasks the appellant received no compensation for any time prior to the punch-in time above described.

The public parking facilities adjacent to and on the same side of the street as Farrington Field located on the opposite side of West Lancaster from Monarch is not owned, leased, controlled, managed or supervised by Monarch. None of the premises or facilities of Monarch are located on the Farrington Field side of the street.

■ The rule is well established that an employee is not within the course and scope of his employment while using the public streets unless such use directly involves the employee's performance of the tasks and duties of his employment. Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192 (1937); Maryland Casualty Company v. Thomas, 367 S.W.2d 407 (San Antonio, Tex.Civ.App., 1963, error ref.); Jasper v. Texas Employers Ins. Ass'n, 206 S.W.2d 646 (Waco, Tex.Civ. App., 1947, no writ hist.); Banks v. Commercial Standard Ins. Co., 78 S.W.2d 660 (Dallas, Tex.Civ.App., 1934, error dism.); Texas Employers' Ins. Ass'n v. Anderson, 125 S.W.2d 674 (Dallas, Tex.Civ.App., 1939, error ref.); Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402 (1922); Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S.W. 76 (1922); 50 A.L.R.2d 363 (1956).

The Supreme Court of Texas, in its decision in Smith v. Texas Employers' Ins. Ass'n, supra, 105 S.W.2d at p. 194, said:

"It appears to be the settled rule that even though the contract of employment contemplates that the employee, while engaged generally in the performance of his duties, may be subjected to the perils and hazards of the streets and highways, nevertheless in order that an injury resulting from the risks of the streets may be compensable, the employee, at the time of the injury, must be actually engaged in the performance of some particular duty of his

employment, or must be upon some substantial mission of his employer in the course of his. employment, which subjects him to such perils. * * *"

In her brief the appellant states that the only material allegation of fact contained in the amended motion for summary judgment which is disputed is that the parking place was of her "own selection," and that dispute as to this fact, "makes the lawsuit."

In this connection it is argued that if, as appellant testified, "Mr. Riggs told her to park her car on the Farrington Field lot, the arrangement or lack of arrangement with the City or the School Board for parking by Monarch employees is no more important as between Mrs. Dishman and Monarch than whether Monarch owned or leased its building at West Lancaster and Currie." That as between appellant and Monarch the area in question was, "a company parking lot," because she parked there upon direction of Riggs who was manager for Monarch and her superior. In support of this position are cited several out of state authorities. We find no merit in this position.

Mrs. Dishman testified that when she read an advertisement of Monarch for help that she called Monarch and talked with Riggs who told her where to find the place and where to park her car. Nothing more was said about parking until one cloudy morning after she had commenced her work with Monarch, she attempted to park down the street from Monarch and was told by an unidentified man, not shown to have any connection with Monarch, that she could not leave her car in that particular area if she was a Monarch employee. This incident was related by appellant to her manager who according to her said, " 'Well, if you work here, Lois, you will have to leave it over yonder.' " (According to appellant this referred to the public parking place at Farrington where she had been leaving her car up to the time of the accident.) The appellant testified further that there was no place in the vicinity where one could park other than Farring-

ton Field. Signs were posted on both sides of West Lancaster and on Currie Street which intersects West Lancaster and runs west of Monarch which signs either prohibit or restrict parking.

The above summary contains all of the references pertaining to instructions to park at Farrington Field which were claimed to have been issued by supervisory personnel of Monarch to the appellant.

From our examination of the record in this case it is apparent from the testimony as a whole that the appellant was not required to use her car for transportation to and from her work. She was free to use public transportation or any other means desired by her.

█ The general rule is that injuries received by an employee while going to or from work in order to be compensable must be sustained through the use of ingress or egress actually situated on the property of the employer or in such close proximity thereto as to be for all practical purposes a part of the premises of the employer. Stated another way if the means of ingress and egress expose the employee to some risk or hazard to which the general public would not be exposed the injury is compensable.

Kirby Lumber Co. v. Scurlock, supra; Employers' Liability Assur. Corporation v. Light, 275 S.W. 685 (Austin, Tex.Civ.App., 1925, ref.); Texas Employers' Ins. Ass'n v. Thomas, 283 S.W. 240 (Amarillo, Tex. Civ.App., 1926, ref.); Kelty v. Travelers Insurance Company, 391 S.W.2d 558 (Dallas, Tex.Civ.App., 1965, ref., n. r. e.); Travelers Ins. Co. v. McCown, 206 S.W.2d 663 (Eastland, Tex.Civ.App., 1947, writ dism.); Texas General Indemnity Company v. Bottom, 365 S.W.2d 350 (Tex.Sup., 1963).

█ We conclude that there is no evidence of probative force in this record which would raise a fact issue as to the course or scope of employment of the appellant at the time of injury.

The judgment of the trial court in granting the motion for summary judgment was therefore proper and is accordingly affirmed.

Affirmed.