**Procuro FLORES, Individually and as Next Friend of Benjamin Reyes, a minor, Plaintiff-Appellant,**

v.

**EMPLOYERS' FIRE INSURANCE COMPANY OF SAN ANTONIO, TEXAS, Defendant-Appellee.**

No. 72-1342
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 25, 1972.

Rehearing Denied Aug. 22, 1972.

Herbert J. Porras, Jr., El Paso, Tex., for plaintiff-appellant.

John A. Grambling, Malcolm Harris, Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, El Paso, Tex., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is a diversity case. Plaintiff-appellant brought suit in the district court to set aside judgment of the Industrial Accident Board of the State of Texas denying workmen's compensation benefits to the survivors of Flora Najera Flores. The Industrial Accident Board ruled that decedent's death did not occur

---

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

in the course of her employment. The issue as to whether or not decedent's accidental death occurred in the course and scope of her employment was submitted to the court below on stipulation of facts. The district court affirmed the action of the Industrial Accident Board and entered a take nothing judgment.

▇ The single issue on appeal is whether the federal courts should seize the initiative and lead Texas out of the depths of its "going and coming" rule, see Texas General Indemnity Co. v. Bottom, 365 S.W.2d 350 (Tex.Sup., 1963); Dishman v. Texas Employers' Ins. Ass'n., 440 S.W.2d 727 (Tex.Civ.App., 1969), writ ref'd n. r. e; Texas Employers' Ins. Ass'n. v. Clauder, 431 S.W.2d 579 (Tex.Civ.App., 1968), writ ref'd n. r. e., and into the bright sunlight of "portal to portal" coverage, see Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366 (1923).

The district court, in summarizing the reasons why a change in the law might be appropriate, noted that the plaintiff's decedent had been struck by an automobile and killed while exposed to the risks of walking along an unlit stretch of highway after midnight, solely as a consequence of the terms of her employment on the night shift and the location of the employer's plant. Nevertheless the court held:

"Under the toality of the circumstances the Court believes that the reasoning in the [Cudahy Packing Co. v. Parramore, 263 U.S. 418 [44 S.Ct. 153, 68 L.Ed. 366] (1923)] case which states 'where the location of the plant was at a place so situated as to make the customary and only practical way of immediate ingress and egress one of hazard' and the *Dishman* case 'if the means of ingress and egress expose an employee to some risk or hazard to which the general public would not be exposed the injury is compensa-

ble' and the *Employers Mutual* Liability Insurance Co. case [Employers Mutual Liability Insurance Co of Wisconsin v. Konvicka, 197 F.2d 691 (5th Cir., 1952)] which states 'the law intends to protect the employee against the risk or hazard taken in order to perform the master's task' and 'it seems unreasonable to say that he ceased to be so engaged the instant the boundary line of the employer's premises was crossed' should extend coverage to the deceased. However as stated above this Court can not extend the law. This must be done by the Courts of Texas."

We agree and affirm.

The facts of this case are indistinguishable from those of *Dishman, supra.* There the employee was killed when struck by an automobile while crossing a street from her parked car. In finding that she was not within the course and scope of her employment, the Texas Court of Civil Appeals stated:

"The general rule is that injuries received by an employee while going to or from work in order to be compensable must be sustained through the use of ingress or egress actually situated on the property of the employer or in such close proximity thereto as to be for all practical purposes a part of the premises of the employer. Stated another way if the means of ingress and egress expose the employee to some risk or hazard to which the general public would not be exposed the injury is compensable."

▇ The district court made a finding of fact that, "The situation created in this case exposes the employees to risks and hazards which the general public is not exposed to . . . ." If this finding of fact were supported by the record and was not clearly erroneous, then the district court's conclusion would nevertheless be reversible error.[1] This finding is a statement of a

---

[1]. A trial court's finding of fact is clearly erroneous for the purposes of F.R.C.P. 52(a) if it is without substantial evidence to support it. Curtis Lee Jones v. Beto, 459 F.2d 979 (5th Cir., 1972); or the district court misapprehended the

kind suggested by the alternative statement of the *Dishman* standard and would support a judgment for appellant. The district court, however, chose to tacitly ignore its findings in this regard and entered judgment for the defendant. In so doing it ruled as we believe a state court would have ruled under these facts. We have no alternative but to affirm. Parson v. United States, 228 F.2d 460 (5th Cir., 1972); Tompkins v. City of El Paso, 449 F.2d 842 (5th Cir., 1971); General Accident Fire & Life Assur. Corp. v. Hardin, 290 F.2d 862 (5th Cir., 1961).

The judgment of the district court is affirmed.

effect of the evidence. Rewis v. United States, 445 F.2d 1303 (5th Cir., 1971). In our view the finding that the deceased was exposed to risks and hazards which the general public is not exposed to, is unsupported by the record and the testimony as to the deceased's methods of transporting herself to and from work.