**TEXAS COMPENSATION INSURANCE COMPANY, Appellant,**

v.

**Ester G. MATTHEWS, Appellee.**

No. 18233.

Court of Civil Appeals of Texas, Dallas.

Dec. 6, 1973.

Rehearing Denied Jan. 3, 1974.

---

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, A. Don Emory, Jr., Dallas, for appellant.

Lawrence P. Hochberg, Hochberg, Yuill & Bernstein, Dallas, for appellee.

GUITTARD, Justice.

This workmen's compensation case was tried without a jury on an agreed statement of facts. The sole question in the trial court was whether plaintiff's injuries were sustained in the course of her employment. The trial court held that they were, and we affirm.

Plaintiff was injured on two occasions when crossing a street on the way from her parking lot to her place of employment. She was employed by Southwestern Bell Telephone Company at its building on the southeast corner of Haskell and Bryan Streets in Dallas. Normally she had no occasion to cross Bryan Street on her way to work. She customarily parked her car in a private lot on the south side of Bryan Street, east of the telephone company's property, and walked west along the public sidewalk on the south side of Bryan Street to the building entrance. Several months before she was injured, the telephone company had engaged a contractor to make extensive improvements to its building. The

contract required the contractor to "take every measure to protect all persons and property . . . from injury arising out of performance of the work." In accordance with this requirement, the contractor had erected a barricade enclosing the sidewalk adjacent to its building and the south ten feet of the street. The barricade extended from the building entrance to a point thirty-seven feet east of the telephone company's east boundary. On the east end of the barricade the contractor had posted two signs, which read as follows:

Sidewalk Closed
For Your Protection
Please Cross Street
Thank you
Danger
Keep Out
Construction

Also at the east end of the barricade was a gate on which the following sign appeared:

This Entrance Only For Employees Suppliers And Sub-Contractors (Including Dee Brown Masonry, Inc.) Of Henger Construction Co.

---

Bell System Employees And Members Of The General Public On Business With The Bell System—Use Main Entrance at 4100 Bryan Street

Within a few feet of these signs was a crosswalk marked by the city for pedestrians to use in crossing Bryan Street. After erection of the barricade, plaintiff had used this crosswalk to cross to the north side of Bryan Street. She would then proceed west along the sidewalk on the north side of Bryan Street to the corner of Haskell Avenue, then south across Bryan Street, and finally east along a covered walkway to the entrance of the building. Both of plaintiff's injuries resulted from falls when she was crossing to the north side of Bryan Street on the crosswalk near the east end of the barricade, the first when she stepped off the curb onto some debris, and the second when she slipped on some grease in the middle of the street.

Our question is whether these injuries are within the coverage of the workmen's compensation law. Tex.Rev.Civ. Stat.Ann., art. 8309, § 1 (Vernon's 1967) defines "injury sustained in the course of employment" to include "injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Under this definition, an injury received while going to or returning from the place of employment is not, as a general rule, an injury sustained in the course of employment because such an injury is usually a consequence of risks and hazards to which all members of the traveling public are subject rather than risks having to do with and originating in the work or business of the employer. Texas General Indemnity Co. v. Bottom, 365 S.W.2d 350 (Tex.1963). This "going-and-coming rule" is subject to several exceptions for cases in which the risk is considered to have originated in the work or business of the employer. One of these exceptions is the case of an injury sustained at a place intended by the employer as a means of access to the place of employment and so closely related to the employer's premises as to be fairly treated as a part of the premises. Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72 (1922); Kelty v. Travelers Ins. Co., 391 S.W.2d 558 (Tex.Civ.App.— Dallas 1965, writ ref'd n. r. e.).

Although we have found no decision holding an injury sustained in a public street on the way to or from work to be within the access exception, in Kelty v. Travelers Ins. Co., *supra,* an injury on a public sidewalk adjacent to the employer's building was held to be within this exception, since the employer had assumed responsibility for the sidewalk so as to make it in effect a part of its premises. In oth-

er cases falls on public sidewalks on the way to or from work have been held covered by workmen's compensation laws. Heacker v. Southwestern Bell Telephone Co., 270 F.2d 505 (5th Cir. 1959); Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813 (1932); Hammond v. Great Atlantic & Pacific Tea Co., 56 N.J. 7, 264 A.2d 204 (1970). The access exception has also been held to cover injuries on adjacent railroad rights of way customarily used by employees going to and from work. Texas Employers Ins. Ass'n v. Anderson, 125 S. W.2d 674 (Tex.Civ.App.—Dallas 1939, writ ref'd); Hunt v. Allis-Chalmers Mfg. Co., 445 S.W.2d 400 (Mo.App.1969).

Defendant argues that the access exception to the going-and-coming rule applies only where the way traveled by the employee is (1) the only way to and from work, and (2) not traveled by the public generally. In support of this argument defendant cites Viney v. Casualty Reciprocal Exchange, 82 S.W.2d 1088 (Tex.Civ.App. —Eastland 1935, writ ref'd) and Texas Employers' Ins. Ass'n v. Clauder, 431 S. W.2d 579 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.). These decisions cannot properly be interpreted as controlling authority for restricting the access exception so narrowly. *Viney* involved an injury to an employee who was crossing a neighbor's pasture on horseback at some unspecified distance from the gin where he worked. In applying the going-and-coming rule, the Eastland Court of Civil Appeals recognized, but held inapplicable, certain exceptions, including a case "where the way traveled must necessarily be traveled as the only way to and from work, and is not traveled by the public generally." The court's recognition of that kind of case as falling within an exception to the going-and-coming rule is not equivalent to a holding that the access exception must be limited to that situation. *Clauder* is similarly inconclusive on this point. It involved an injury on a public road half a mile from the employer's premises. The Tyler Court of Civil Appeals explained in

cautious and noncategorical language why the access exception did not apply, saying that it was "generally held" that in order to authorize recovery under the access doctrine it was "ordinarily essential" that the way traveled be the only way and that it should not be traveled by the public generally. In neither case was the place of the injury in as close proximity to the employer's premises as in the present case.

■ The access exception stated in *Behnken* and *Kelty* is apparently broader than that recognized in *Viney* and *Clauder*. Its requirements are: (1) the employer must evidence an intention that the access area, though not a part of his premises, be used by employees as a way to and from work, and (2) the area must be so closely related to the employer's premises as to be fairly treated as a part of the premises. The requirement of intention is met if only one access way is available, since in that case the employer must necessarily have intended the employees to use that way, but it may also be met in some other manner. The employer may have intended more than one way of access for its employees and may have evidenced that intention by posting signs, as in this case. Thus we have no difficulty in determining from this record that the employer intended that employees approaching its building from the east along the south side of Bryan Street should cross over Bryan Street and back again on their way to work. Their freedom to approach from a different direction or to park on the north side of the street is not conclusive against coverage. The employer did not direct them to use those alternatives, and the agreed statement of facts does not show that all the employees could have done so, using existing parking facilities.

■ The second requirement presents more difficulty. The circumstances in which a way of access outside the employer's premises may be so closely related to the premises as to be fairly treated as a part of the premises are not easily defined.

Rarely does an area traveled by the public bear so close a relation to the employer's premises as to be fairly considered a part of them. Ordinarily an employee's risks in using the public streets on the way to work are considered to be those of any other traveler on the streets. Dishman v. Texas Employers' Ins. Ass'n, 440 S.W.2d 727 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n. r. e.). The facts in this case, however, are extraordinary. Plaintiff's normal access to her place of employment was obstructed by a construction project undertaken by her employer for the benefit of its business. For this purpose the employer had appropriated the sidewalk and part of the street and had posted signs directing employees and members of the public to cross the street. Compliance with that direction involved risks that plaintiff did not normally encounter in coming to work. In these circumstances we conclude that those additional portions of the street, including the crosswalk in question, which the employer intended and directed its employees to use for access to their place of employment, were so closely related to the employer's premises as to be fairly treated as a part of the premises in determining whether the risk of using that way of access had to do with and originated in the business of the employer. Consequently, we hold that plaintiff's injuries were sustained in the course of her employment.

■ In reaching this conclusion we have treated the contractor's acts in erecting the barricade and posting the signs as acts of the telephone company itself because they were done in furtherance of the company's business and under authority of the contract which required the contractor to take precautions to prevent injury to persons and property. This treatment is based on the principle that acts of an independent contractor are acts of the employer to the extent that they are required by the contract. McDaniel Brothers v. Wilson, 70 S.W.2d 618 (Tex.Civ.App.—Beaumont 1934, writ ref'd). It is based also on the rule that where the work required by a construction contract necessarily involves a danger to persons using public streets or sidewalks unless precautions are taken, the owner as well as the contractor has a duty to take such precautions. Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089 (1908); Randle v. Naugle, 299 S.W. 297 (Tex.Civ.App.—El Paso 1927, no writ). Under this rule, the contractor's failure to perform that duty would have been considered the telephone company's failure. By the same reasoning, the contractor's performance, to the extent required by the contract, must be considered the company's performance. Consequently, the barricade and sign must be taken as evidence of the employer's intention and direction that employees and other persons approaching its building from the east along the south side of Bryan Street should cross the street in order to enter its building.

Affirmed.

BATEMAN, J., dissenting.

BATEMAN, Justice (dissenting).

With due deference, I wish to record my dissent. I thought we went as far as we could reasonably be expected to go in extending the "access doctrine" as an exception to the "going and coming rule" in Kelty v. Travelers Insurance Company, 391 S.W.2d 558 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.). But now the majority has gone a step further in holding that an employee, simply because of a barricade blocking the sidewalk and the signs directing pedestrians to cross the street, sustained a compensable injury when she fell in a public street on her way to work.

Until the legislature sees fit to abolish the so-called "going and coming rule," it is my view that the courts should not by constantly whittling at it eventually obliterate it. This "access" exception to the general rule was limited by the court in Viney v. Casualty Reciprocal Exchange, 82 S.W.2d 1088, 1089 (Tex.Civ.App.—Eastland 1935, writ ref'd) to those cases where the way

traveled by the employee when injured is "the only way to and from the work, and is not traveled by the public generally."

In the case at bar neither of these tests is met. The route chosen by Ms. Matthews was not the only way she could have taken to get to her work, and it was traveled by the general public. She was at liberty to cross Bryan Street at the next intersection east of the barricade, or she could have gone around the block. It was not shown that she could not have parked her car in the company parking lot or at some other place on the north side of Bryan Street. Moreover, the fact that the sidewalk and part of the street were blocked by the contractor does not alter the facts that the place where she fell was not blocked, was open to use by the public and was used by the public, and was not under the control of the employer.

In my view, the majority opinion is in conflict with that in Dishman v. Texas Employers' Insurance Association, 440 S. W.2d 727 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n. r. e.). The facts were quite similar and the principles of law involved were identical. The following excerpt from the opinion in *Dishman* illustrates my view of the dissimilarity between the situation in *Kelty* and that of the case at bar:

The general rule is that injuries received by an employee while going to or from work in order to be compensable must be sustained through the use of ingress or egress actually situated on the property of the employer or in such close proximity thereto as to be for all practical purposes a part of the premises of the employer. Stated another way if the means of ingress and egress expose the employee to some risk or hazard to which the general public would not be exposed the injury is compensable.

It should also be borne in mind that in *Kelty* we specifically declined to hold as a matter of law that Mrs. Kelty was acting within the course and scope of her employ-

ment. We merely held that the defendant-movant for summary judgment had failed to carry its burden under Texas Rules of Civil Procedure 166–A, and that a fact issue had been raised.

In my opinion this case should have been controlled by American Indemnity Co. v. Dinkins, 211 S.W. 949 (Tex.Civ.App.—Beaumont 1919, writ ref'd) approved in Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 75 (1922); Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192 (1937); Texas Employers Insurance Ass'n v. Clauder, 431 S.W.2d 579, 584 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.); Flores v. Employers Fire Ins. Co. of San Antonio, Texas, 464 F.2d 1276 (5th Cir. 1972, cert. den. 409 U.S. 1046, 93 S.Ct. 545, 34 L.Ed.2d 497); Texas General Indemnity Co. v. Bottom, 365 S.W.2d 350 (Tex.Sup.1963); West v. Home Indemnity Co., 444 S.W.2d 786 (Tex.Civ.App.—Beaumont 1969, no writ); as well as by Viney v. Casualty Reciprocal Exchange, supra, and Dishman v. Texas Employers Insurance Association, supra.

I would reverse and render.