**TEXAS COMPENSATION INSURANCE COMPANY, Petitioner,**

v.

**Ester G. MATTHEWS, Respondent.**

**No. B–4438.**

Supreme Court of Texas.

Sept. 24, 1974.

Rehearing Denied Dec. 18, 1974.

A. Don Emory, Jr., Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for petitioner.

Hochberg, Yuill, Bernstein & Skor, Lawrence Paul Hochberg, Dallas, for respondent.

GREENHILL, Chief Justice.

In this workmen's compensation case, the only question is whether the injuries of the plaintiff were sustained in the course of her employment. Trial was to the court without a jury upon an agreed statement of facts. Judgment was for the plaintiff. The Court of Civil Appeals sitting in Dallas affirmed, one justice dissenting. 504 S.W.2d 545. We agree with the views of the dissenting justice; and accordingly we reverse.

The facts of the case are fully and fairly set out in the opinion of the Court of Civil Appeals; and the authorities are ably and fairly set out in the majority and in the dissenting opinions. Reference is here made to those writings. Our opinion, therefore, need not be repetitious.

The plaintiff, Ester Matthews, was injured when she fell in a public street while going to work. She has two claims, here combined. She fell (1) when she stepped off the curb onto some debris, and (2) some time later when she slipped on some grease in the middle of the street. The street runs in front of her employer's premises.

As described in the opinion of the Court of Civil Appeals, the plaintiff's contention is that she was required to use this particular route in getting to work because of a construction barrier placed adjacent to her employer's building by an independent contractor of her employer. Other members of the public using the sidewalk were also required to cross the street at this point; and the plaintiff was injured within the white cross-walk markers placed in the street by the city for members of the general public as well as the plaintiff and her fellow employees. The plaintiff was not required to use this particular route to reach her work.

The general rule, and it is a well settled rule, is that the benefits of the workmen's compensation statute do not apply to injuries received going to and from work. Texas General Indemnity Co. v. Bottom, 365 S.W.2d 350 (Tex.1963); Shelton v. Standard Ins. Co., 389 S.W.2d 290 (Tex.1965); Viney v. Casualty Reciprocal Exchange, 82 S.W.2d 1088 (Tex.Civ.App. 1935, writ refused); Dishman v. Texas Employers' Ins. Ass'n, 440 S.W.2d 727 (Tex.Civ.App.1969, writ refused n. r. e.). An exception to this rule is made in cases which have formed the "access doctrine," —cases in which the employer has evidenced an intention that the particular access route or area be used by the employee in going to and from work, and where such access route or area is so closely related to the employer's premises as to be fairly treated as a part of the premises. Lumberman's Reciprocal Ass'n. v. Behnken, 112 Tex. 103, 246 S.W. 72 (1922); Kelty v. Travelers Ins. Co., 391 S.W.2d 558 (Tex.Civ.App.1965, writ ref'd. n. r. e.).

The *Behnken* opinion, our leading case on the "access doctrine" exception discusses and distinguishes American Indemnity Co. v. Dinkins, 211 S.W. 949 (Tex.Civ. App.1919, writ refused). The *Behnken* opinion points out that in *Dinkins*, "Dinkins' right to use the street was not derived from his employment [as it was in *Behnken*]. The injury occurred at a place provided by the city for public use, and not at a place furnished by Dinkins' employer, as a special mode of access to his work." 246 S.W. at 75. This Court in *Behnken* indicated that it agreed with the *Dinkins* holding, —that the injury was not compensable because it was suffered going to and from work, though close to the entrance of the employer's place of business and used by many employees.

We agree with the opinion of the dissenting justice of the Court of Civil Appeals that the access exception to the "going to and from" rule had been carried as far as it reasonably could be, without an amendment to the Workmen's Compensation Act, in Kelty v. Travelers Ins. Co., cited just above. It was there held that an issue of fact was raised which might bring the plaintiff within the "access exception" to the "going to and from" work rule. In *Kelty*, the plaintiff was upon the icy and slippery sidewalk of the employer, only 10 or 12 feet from the entrance to her employer's place of business; and the employer had exercised dominion over the sidewalk so as to make it, in effect, part of its premises. The employer here had not attempted to exercise any control over the street, and the cross-walk formed no part of its premises. As recognized by the majority opinion of the Court of Civil Appeals, no case has extended the "access exception" out into the public streets where other members of the public are subject to the same hazard. We therefore hold, as we feel we must, that the case is controlled by the long line of "going to and from work" cases, and that the plaintiff was not within the course of her employment when she was injured.

The judgments of the courts below are reversed, and judgment is here rendered that the plaintiff take nothing.

SAM D. JOHNSON, Justice (dissenting).

This dissent is respectfully submitted. This writer would adopt the reasoning, language and result of the majority opinion of the court of civil appeals. 504 S. W.2d 545.