**Curtis Lee JONES, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Respondent-Appellee.**

**No. 71-1429**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1971.

George L. McWilliams, (Court Appointed), Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Glenn R. Brown, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Curtis Lee Jones appeals from the denial, without a hearing, of his petition for writ of habeas corpus. Because we are unable to determine on this record whether or not the petition was properly dismissed, we are remanding the case to the district court for findings of fact and conclusions of law, as required by Rule 52(a), F.R.Civ.P.

Petitioner, represented by court-appointed counsel, was convicted upon trial by jury of murder with malice and sentenced on January 30, 1961, to life imprisonment. No direct appeal was taken from that conviction. Prior to this petition, Jones filed several habeas corpus petitions in the state and federal courts. The first filed in the Texas Court of

---

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Criminal Appeals was denied without hearing and written order on August 7, 1965. A habeas petition was denied without a hearing by the U. S. District Court, Southern District of Texas, on February 3, 1966, on the ground that applicant was serving another valid sentence in addition to the one under attack. A habeas petition in the state trial court was denied without a hearing in an order filed November 13, 1969. An appeal to the Texas Court of Criminal Appeals was denied without written order on January 6, 1970.

In this petition, Jones alleges that he is entitled to relief on eleven separate grounds.[1]

In denying the petition, the district court stated that all fact issues have been resolved in prior proceedings, that petitioner has not been deprived of any federal constitutional right and that the petition is frivolous.

With regard to the allegation of an unauthorized person present with the grand jury, the record does show clearly that the factual issue has been resolved adversely to the petitioner in the state courts.

■ As to the other allegations, the district court made no findings of fact or conclusions of law as required by Rule 52(a), F.R.Civ.P., and we are unable to determine from the record whether or not the petition was properly dismissed as to those allegations.

The case is remanded to the district court for findings of fact and conclusions of law. Miller v. Henderson, 435 F.2d 688 (5th Cir. 1970); Malone v. Wainwright, 433 F.2d 927 (5th Cir. 1970); Colson v. Smith, 427 F.2d 143 (5th Cir. 1970).

Reversed and remanded.

---

1. (1) he was arrested without a warrant;
   (2) he was not brought before a magistrate upon his arrest;
   (3) he was held incommunicado and denied counsel;
   (4) he was not advised of his rights prior to confessing;
   (5) the confession was the result of physical abuse by police;
   (6) the indictment did not contain a recidivist count, yet he was convicted of recidivism;
   (7) the jury verdict did not specifically state that he was found guilty of murder with malice;
   (8) there was an unauthorized person present with the grand jury;
   (9) his pre-trial request for a list of state witnesses was denied;
   (10) his court-appointed counsel was ineffective;
   (11) his court-appointed counsel refused to appeal the conviction.