**Curtis Lee JONES, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Respondent-Appellee.**

No. 71-1429

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 10, 1972.

George L. McWilliams, Texarkana, Tex. (Court-appointed), for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Glenn R. Brown, Austin, Tex., for respondent-appellee.

1. Jones v. Beto, 448 F.2d 1259 (5th Cir., 1971).

2. Appellant's petition in the Southern District of Texas was denied on the grounds

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

■ ■ By order of September 22, 1971, a panel of this court remanded this habeas corpus petition to the district court for entry of findings of fact and conclusions of law. F.R.Civ.P., Rule 52(a).[1] The district court has complied with our order and without ordering an evidentiary hearing entered findings of fact and conclusions of law which reaffirm its action of denying appellant relief. In substance, the district court found that appellant was serving a life sentence for murder and that all of his claimed grounds for habeas corpus relief, save two, had been adversely determined in three prior habeas corpus petitions. The district court's findings of fact, if not clearly erroneous, are binding upon this court. Rule 52, F.R.Civ.P. But a finding of fact is clearly erroneous when it finds no support in the record. The record on appeal indicates that appellant has filed several petitions for writ of habeas corpus. The first, in the Texas Court of Criminal Appeals, was denied without hearing and written order on August 7, 1965. A second petition was filed with the United States District Court for the Southern District of Texas on February 3, 1966. It too was denied without an evidentiary hearing.[2] A third petition was filed with the state trial court in 1969. That court, by order of November 13, 1969 denied relief, again without conducting an evidentiary hearing. Appeal from that order was taken to the Texas Court of Criminal Appeals and was denied without written order on January 6, 1970. Of appellant's eleven alleged grounds for relief, in only one (that an unauthorized person was present in the grand jury room while it considered appellant's indictment) has a court entered an adverse finding. In such circumstances

that he was then serving another valid sentence.

we are constrained by the Supreme Court's clear holding in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), to vacate and remand for an evidentiary determination of appellant's allegations.[3] Gerzin v. Beto, 459 F.2d 671 (5th Cir., 1972).

We intimate no opinion as to the manner or form of the proceedings by which appellant's allegations are evaluated. See Machibroda v. United States, 386 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *Townsend, supra.*

The judgment of the district court is vacated and the case remanded for further proceedings not inconsistent herewith.

Vacated and remanded with instructions.

---

3. The need for an evidentiary hearing does not arise in every case. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963). Where the record before the district court is sufficiently developed, the court may enter summary judgment or judgment on the pleadings as may be warranted. Here the Attorney General's response to the district court's show cause order was in the form of notice pleadings containing contrary allegations and denials. It was not supplemented with documentary records and without more was an insufficient basis to render judgment.