Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-09-00671-CV

Lori L. **COLLINS**,
Appellant

v.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-12818
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen A. Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  April 27, 2011

AFFIRMED

In light of the Texas Supreme Court's decision in *Leordeanu v. American Protection Insurance Co.*, 330 S.W.3d 239 (Tex. 2010), the panel, on its own motion, withdraws our opinion and judgment of November 10, 2010, and substitutes this opinion and judgment.

This case arises from the trial court's grant of Appellee Indemnity Insurance Company of North America's no-evidence motion for summary judgment.  Collins argues that the trial court erred in granting summary judgment because she presented some evidence that she was injured

in the course and scope of employment and thus suffered a "compensable injury" under the Texas Workers' Compensation Act. Indemnity Insurance defends the trial court's summary judgment on the grounds that Collins presented no evidence that her injury occurred in the course and scope of her employment. We affirm the judgment of the trial court.

## BACKGROUND

Collins, a Southwest Airlines flight attendant, lived in San Antonio, but her home base airport was in Houston. She commuted to and from work on Southwest flights. On the day in question, Collins's final working flight departed from El Paso and arrived in Houston. After her shift ended, Collins boarded Southwest Flight 890 from Houston to San Antonio with a passenger's ticket; she was not on duty as a flight attendant. While seated in a passenger seat, Collins was injured when another passenger dropped his carry-on bag from an overhead bin onto her head.

Collins filed a claim with the Workers' Compensation Division of the Texas Department of Insurance (the Division). Indemnity Insurance, Southwest's insurer, opposed the claim. The Division ultimately denied the claim because Collins did not sustain a "compensable injury" under the Texas Workers' Compensation Act, TEX. LAB. CODE ANN. tit. 5, subtit. A (West 2006 & Supp. 2010). Collins appealed the Division's denial to district court. Indemnity Insurance moved for summary judgment arguing that because Collins was not injured while in the course and scope of her employment, she failed to provide any evidence of a "compensable injury." The trial court granted Indemnity Insurance's motion and rendered a take-nothing judgment. Collins now appeals.

**STANDARD OF REVIEW**

"A no-evidence summary judgment is essentially a pretrial directed verdict," to which an appellate court applies a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *accord Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). "[W]e review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences." *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). When a party moves for summary judgment under Rule 166a(i), asserting that "there is no evidence of one or more essential elements of a claim . . . on which [the non-movant] would have the burden of proof at trial," the non-movant must present more than a scintilla of evidence to raise a genuine issue of material fact on each of the challenged elements. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *Wal-Mart Stores*, 92 S.W.3d at 506. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch*, 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (quoting *Merrell Dow Pharm.*, 953 S.W.2d at 711). If the non-movant brings forth more than a scintilla of evidence on each challenged element of his claim, the trial court should deny the no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i); *Wal-Mart Stores*, 92 S.W.3d at 506.

**COURSE & SCOPE OF EMPLOYMENT**

A '[c]ompensable injury' [is] "an injury that arises out of and in the course and scope of employment for which compensation is payable under this subtitle." TEX. LAB. CODE ANN.

§ 401.011(10) (West Supp. 2010); *see Apollo Enters., Inc. v. ScripNet, Inc.*, 301 S.W.3d 848, 852 (Tex. App.—Austin 2009, no pet.). Section 401.011(12) of the Texas Workers' Compensation Act defines the '[c]ourse and scope of employment' [as] "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." TEX. LAB. CODE ANN. § 401.011(12) (West Supp. 2010). The injury need not occur on the employer's property. *Id.* The long-standing rule is that to be considered within the course and scope of employment, the employee's injury must "(1) relate to or originate in, and (2) occur in the furtherance of, the employer's business." *Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239, 241 (Tex. 2010).

Collins argues that she was injured in the course and scope of employment because (1) Flight 890 furthered Southwest's affairs, and (2) her boarding Flight 890 fell within the access doctrine. Indemnity Insurance counters that Collins boarded Flight 890 for the sole purpose of commuting home and that the access doctrine does not apply.

## A. Injury's Relation to the Employer's Business

Assuming *arguendo* that Collins's flight home furthered Southwest's business, Collins must still show that her injury related to or originated in Southwest's business. *See id.* An injury that occurs when an employee is traveling to and from work "cannot ordinarily be said to originate in the [employer's] business." *Id.* at 242. In *Leordeanu*, the supreme court held that a traveling salesperson's travel to her home from a business dinner originated in the employer's business because, on the way home, the employee planned to stop at a storage unit owned by the employer to drop off business supplies, and to do work for her employer (from her home office) when she arrived at home. *See id.* at 249.

This case is distinguishable. Collins points to no evidence in the record that she planned to do work as she was traveling home. Although Collins argues there was evidence that she was traveling from Southwest's hub in Houston Hobby Airport to Southwest's hub in San Antonio International Airport, she testified that she was not working as a flight attendant on the flight to San Antonio. She also points to no evidence that she was planning to do business tasks for Southwest when she arrived at the airport in San Antonio or when she got home. Thus, Collins offered no evidence that her travel home related to or originated in Southwest's business. *See id.*

## B. The Access Doctrine

Collins's claim could still survive a no-evidence summary judgment motion if she presented more than a scintilla of evidence that her injury was within the course and scope of her employment under the access doctrine. *See generally Tex. Comp. Ins. Co. v. Matthews*, 519 S.W.2d 630, 631 (Tex. 1974) (discussing the "access doctrine"). Collins argues that the access doctrine applies to this case because (1) the injury occurred on her employer's premises, (2) Southwest evidenced its intent that Collins board Flight 890 by issuing her a ticket for the flight, (3) the aircraft was still tethered to the gate, and (4) the door to the aircraft was still open. Indemnity Insurance insists that Collins presented no evidence that she was on a particular access route or area to be used by employees for ingress to and egress from work.

Under the access doctrine, an employee incurs an injury in the course and scope of employment when she is injured using a route or area that is so closely related to the employer's premises as to be fairly treated as a part of the premises. *Id.*; *see also* TEX. LAB. CODE ANN. § 401.011(10) (West Supp. 2010). Ingress to and egress from work falls within the access doctrine if the employer has evidenced its intent that the employee use a particular access route or area as a special mode of access. *Matthews*, 519 S.W.2d at 631. Moreover, the employee's

right to use the access route or area must be derived from her employment, rather than a route or area for public travel. *Id.*; *Lumberman's Reciprocal Ass'n v. Behnken*, 112 Tex. 103, 111, 246 S.W. 72, 74 (1922). The access doctrine covers only an employee who, by particular virtues of her employment, is injured by a risk that she encountered while entering or exiting her place of employment. *See Matthews*, 519 S.W.2d at 631; *Behnken*, 112 Tex. at 111, 246 S.W. at 74. It is not intended to cover injuries arising out of risks that the traveling public generally encounters. *Evans v. Ill. Emp'rs Ins. of Wausau*, 790 S.W.2d 302, 304 (Tex. 1990). The risks covered by the access doctrine are those that "arise out of that person's employment," but exclude "the dangers and risks to which all traveling persons are exposed." *Id.*

Here, Collins presented no evidence that the cause of her injury—another passenger dropping his luggage on her head while she was seated in a passenger seat—was a risk that she faced as an employee seeking ingress to or egress from her workplace instead of a risk that she faced as a member of the traveling public. *See id.* When Collins's last working flight landed, she chose to commute home to San Antonio on Flight 890 as a passenger rather than as a working flight attendant. Because her injuries resulted from a risk to which she was exposed as a member of the traveling public, rather than a risk that arose from her employment by Southwest, Collins cannot invoke the access doctrine. *See Evans*, 790 S.W.2d at 304; *Matthews*, 519 S.W.2d at 631; *Behnken*, 112 Tex. at 111, 246 S.W. at 74.

### CONCLUSION

We hold that Collins showed no evidence that her injury was suffered in the course and scope of her employment. She offered no more than a scintilla of evidence that (1) her travel

related to or originated in Southwest's business, and (2) that her circumstances met the access doctrine exception.  We, therefore, affirm the judgment of the trial court.


Rebecca Simmons, Justice