Dorothy Sue **WEAVER**, Appellant,

v.

The **STANDARD FIRE INSURANCE COMPANY**, Appellee.

No. 1705.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 3, 1978.

Rehearing Granted in part and Denied in part May 24, 1978 with opinion.

Jack R. Martin, Malcolm Williams, Martin & Sperry, Houston, for appellant.

Thomas P. Sartwelle, Gregory Neill Jones, Fulbright & Jaworski, Houston, for appellee.

CIRE, Justice.

Dorothy Sue Weaver appeals from a take-nothing judgment rendered in this workers' compensation case.

The accident involved in this suit occurred on June 11, 1973 in the Greenway Plaza Complex. Appellant was employed by Continental Airlines at its office in the 2990 Richmond Building. On the day of the accident appellant was leaving work and walking to her car which was parked in one of the designated spaces in a parking area provided by the building to Continental Airlines as part of the lease agreement. She had almost reached her automobile when she slipped and fell.

After the Industrial Accident Board's award, appellee filed its original petition challenging the award. Appellant then cross-acted. The case was tried to a jury, which found that appellant was not injured during the course of her employment. Pursuant to this jury answer, the trial court entered a take-nothing judgment in favor of appellee, Standard Fire Insurance Company.

Appellant asserts five points of error committed by the trial court. Her second point of error claims that the trial court erroneously refused to submit a complete definition of "injury in the course of employment" to the jury. The definition which was submitted to the jury stated:

"INJURY IN THE COURSE OF EMPLOYMENT" means any injury having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere.

The trial court refused the following requested instruction:

An act on the employer's premises necessary to the health, comfort, and convenience of an employee while within working hours, during a lunch period, or while preparing to begin work or leave the premises, is not a departure from the course of employment.

This has been referred to as the "personal comfort doctrine."

■ Appellee asserts, in support of the trial court's refusal of such instruction, that the evidence did not raise the personal comfort doctrine, and, if appellant was entitled to any instruction, it was the one on the "access doctrine." That doctrine was discussed in *Kelty v. Travelers Insurance Company*, 391 S.W.2d 558 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.). The court there stated:

[E]mployment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the

employee be injured while passing, with the express or implied consent of the employer, to or from his work by way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached.

391 S.W.2d at 563, *quoting Bountiful Brick Co. v. Giles*, 276 U.S. 154, 158, 48 S.Ct. 221, 222, 72 L.Ed. 507, 509 (1928). *Accord, Texas Employers' Ins. Ass'n v. Boecker*, 53 S.W.2d 327 (Tex.Civ.App.—Dallas 1932, writ ref'd). We agree that the access doctrine would have been applicable here and might have even been more favorable to appellant. However, under the facts of this case, we believe an instruction on the personal comfort doctrine was also appropriate and, when requested, should have been given. *See Travelers Insurance Company v. McAllister*, 345 S.W.2d 355 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.); *Texas Employers Ins. Ass'n v. Davidson*, 295 S.W.2d 482 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n. r. e.); *Traders & Gen. Ins. Co. v. Ihlenburg*, 243 S.W.2d 250 (Tex.Civ.App.—San Antonio 1951, writ ref'd). Thus, appellant properly preserved her point of error when her counsel requested the additional instruction in writing and tendered it to the court. *See* Tex.R.Civ.P. 279.

Appellee argues that, as a matter of law, the parking lot was not a part of the premises leased to appellant, and, therefore, since the injury did not occur on the employer's premises or as appellant "prepared to leave the premises" the personal comfort doctrine does not apply. We disagree. The parking spaces were specifically designated for Continental's employees. Continental's lease provided for these spaces, and, as such, those spaces were part of the consid-

eration involved in the contract. The spaces were prominently marked with yellow paint and windshield stickers were issued to those entitled to park in such spaces. Any unauthorized automobile parked in these designated spaces was subject to being towed away.

Appellant had a right to park in the designated parking spaces and this right was derived solely from the employment relationship. She utilized the parking facilities while performing her duties of employment, and, while it is true that appellant could park in nondesignated parking spaces or along the sides of streets, her employer testified that the parking facilities were provided primarily for the convenience of the employees.

■ Since the parking spaces were provided Continental as part of the lease agreement, it is clear that: (1) it was a part of the employer's premises; (2) Continental designated these spaces for employee parking as a convenience to its employees; and (3) the injury occurred while appellant was preparing to leave her employer's premises. All of the required elements of the personal comfort doctrine were present and it was error for the court to refuse the instruction.

We have examined the additional points of error, but because our ruling on this one point is dispositive of the appeal, we express no opinion thereon.

The judgment is reversed and the cause remanded.

## ON MOTION FOR REHEARING

CIRE, Justice.

In its motion for rehearing the appellee has pointed out that the 2990 Richmond Building is not in the Greenway Plaza Complex. Appellee is correct and the reference to the Greenway Plaza Complex is deleted from the opinion. The motion for rehearing is otherwise overruled.

Appellee's motion for rehearing granted in part and overruled in part, and Opinion on Motion for Rehearing filed May 24, 1978.