**OCI BEAUMONT LLC, Appellant**

v.

**Yazmin BARAJAS, Appellee**

**NO. 09-16-00406-CV**

Court of Appeals of Texas, Beaumont.

Submitted on March 2, 2017

Opinion Delivered May 18, 2017

Cody A. Dishon, The Ferguson Law Firm, LLP, Beaumont, for Appellee.

Ross Holiday Jones, Russell W. Heald, Wilson Elser Moskowitz Edelman and Dicker, LLP, Beaumont, for Appellant.

Before McKeithen, C.J., Kreger and Horton, JJ.

## OPINION

HOLLIS HORTON, Justice

In this permissive appeal, we address whether a trial court or an intermediate appellate court, in the first instance, should expand the doctrine of vicarious liability by utilizing the "access doctrine"[1] to hold a business vicariously liable for the negligence of its employee, who, while commuting to work, was involved in an auto-pedestrian collision in a parking lot which was not owned by the employer but was the location where the employer arranged for its employees to park. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West Supp. 2016) (authorizing appellate courts to accept appeals on matters not otherwise appealable if the trial court indicates that "the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion" and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation"). We hold the trial court erred when it ruled that an issue of material fact existed on the question of whether the employee was in the course and scope of his employment when the collision occurred.

## Background

In June 2014, Yazmin Barajas was hit by a truck while walking through a parking lot located adjacent to OCI Beaumont LLC's plant. The truck was owned and driven by Ikechukwu Obodo, a salaried mechanical engineer employed by OCI. In July 2014, Barajas filed a suit against Obodo and OCI seeking to recover for the injuries she suffered when Obodo struck her with his truck. In her third amended petition, her live pleading for the purposes of the summary judgment hearing, Barajas alleged that the collision occurred on OCI's premises and that Obodo was acting in the course and scope of his employment as OCI's employee when the collision occurred.[2]

---

1. The "access doctrine" is used by courts in workers' compensation cases as a limited exception to the more general rule recognizing that compensation benefits do not extend to injuries incurred by employees going to and from work. Tex. Comp. Ins. Co. v. Matthews, 519 S.W.2d 630, 631 (Tex. 1974). Under the "access doctrine," employees injured while going to or from work, if on routes designated by their employers and at locations near where they work, may receive compensation benefits "where such access route or area is so closely related to the employer's premises as to be fairly treated as a part of the premises." Id.

2. Before OCI filed its motion for summary judgment, Barajas amended her pleadings three times. In her third amended petition,

Approximately three months after Barajas filed her third amended petition, OCI filed a combined traditional and no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a. In its motion, OCI alleged that it did not own or operate the parking lot where Barajas's injury occurred, that it did not own the truck involved in the collision, and that Obodo was not in the course and scope of his employment when the collision occurred. OCI supported its motion with the affidavit and deposition testimony of Monique Shepherd, OCI's Director of Legal Affairs, the answers Obodo filed to interrogatories that Barajas sent to Obodo's attorney, and excerpts from a deposition that Obodo had given during the discovery phase of the case. Barajas filed summary judgment evidence in response to OCI's motion, and her supplemental response includes the transcripts of the two depositions obtained from Obodo during the discovery phase of the case. According to Obodo's deposition testimony, he had not yet started his day for OCI when the collision occurred, and his testimony indicates that he was in the process of completing his morning commute to work when his truck struck Barajas in the parking lot near OCI's plant where OCI had directed that he park.

There is no evidence in the summary judgment record that contradicts Obodo's testimony that he was not yet working for OCI when the collision occurred. Additionally, the summary judgment evidence shows that, at the time of the collision, Barajas was walking through the parking lot headed toward an entry gate to OCI's plant on her way to her job, where she worked as an insulator for Safeway Company. The summary judgment evidence also shows that the parking lot was not owned or leased by OCI when the collision occurred; instead, the evidence shows that prior to the collision, OCI obtained permission from the company in control of the lot to allow its employees to park there. Finally, the summary judgment evidence before the trial court includes evidence that after the collision, OCI and others participated in an investigation into the collision.

In her response to OCI's motion, Barajas relied on excerpts from the deposition of Monique Shepherd, the depositions that Obodo gave in the discovery phase of the case in September 2015 and May 2016, exhibits that were attached to the depositions, and the deposition that Barajas gave during the discovery phase of the case. In the trial court, Barajas argued that the parking lot where the accident occurred was owned, operated, or controlled by OCI, and that a material fact issue existed over whether Obodo, while commuting to work, could nevertheless be found to have been acting in the course and scope of his employment because he had been directed by OCI to park in the lot where the collision occurred. To support her argument that Obodo was acting in the course and scope of his employment when the collision occurred, Barajas asked the trial court to rely on the access doctrine, and she argued that the access doctrine was not limited to cases involving claims for workers' compensation benefits.

---

Barajas alleged that Obodo, OCI, E.I. DuPont de Nemours and Company, and Lucite International, Inc. jointly owned and operated the parking lot where the collision occurred. Barajas also alleged the OCI was vicariously liable for Obodo's negligence because he was in the course and scope of his employment with OCI when he was driving the truck that struck Barajas. Barajas's third amended petition also alleges claims against OCI based on theories of the alleged negligent entrustment of the truck to Obodo, the alleged negligent retention of Obodo as OCI's employee, and for OCI's allegedly negligent hiring and negligent training of Obodo as its employee.

In October 2016, the trial court held a hearing on OCI's motion for summary judgment; following the hearing, the trial court denied OCI's motion. The trial court's order denying OCI's motion indicates that the trial court relied on the access doctrine to conclude that an issue of material fact existed on the issue of whether Obodo, when the collision occurred, was driving his truck in the course and scope of his employment with OCI. In its order, the trial court granted OCI permission to pursue an interlocutory appeal and certified to the conditions required under section 51.014(d) of the Texas Civil Practice and Remedies Code, which allowed OCI to seek an immediate appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). After OCI filed an application for interlocutory appeal, we agreed to consider OCI's appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 510.014(f) (West Supp. 2016).

## Standard of Review

We review a trial court's ruling on a motion for summary judgment using a de novo standard of review. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). With respect to the traditional portion of OCI's motion for summary judgment, OCI was required to conclusively negate one or more of the elements of the plaintiff's cause of action. Tex. R. Civ. P. 166a(c); *see also Knott*, 128 S.W.3d at 216. The element of Barajas's cause of action that is at issue in this appeal is whether Obodo was acting in the course and scope of his employment for OCI when the collision occurred. On appeal, we review the summary-judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). With respect to its traditional motion for summary judgment, OCI argues that the summary-judg-ment evidence before the trial court conclusively established that Obodo was not acting within the course and scope of his employment with OCI when the collision occurred.

■■■■ OCI also appeals from the trial court's ruling on the no-evidence portion of its motion. "A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Rule 166a(i) provides that a court may grant a no-evidence motion for summary judgment after an adequate time for discovery has passed if the movant can show that there is no evidence of one or more essential elements of a plaintiff's claim on which the plaintiff has the burden of proof. Tex. R. Civ. P. 166a(i). Under Rule 166a(i), a no-evidence motion should be granted where "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Chapman*, 118 S.W.3d at 751.

■■■■ To defeat a no-evidence motion, the nonmovant must present evidence raising a genuine issue of material fact as to each of the elements challenged by the moving party's no-evidence motion. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L. Rev. 361, 362-63 (1960)). To avoid a ruling

sustaining a no-evidence motion, the nonmovant must produce more than a scintilla of evidence to avoid summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994) (citing William Powers, Jr. & Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Texas L. Rev. 515, 522, 523 (1991)). In its appeal, OCI contends that Barajas presented no evidence to show that Obodo, while driving his personal vehicle and commuting to work, was acting within the course and scope of his employment with OCI when the collision occurred.

## Analysis

In one appellate issue, OCI argues that an employer of an individual cannot be held vicariously liable under the access doctrine for torts that are committed by its employees while they are commuting to work.[3] In our opinion, the access doctrine does not apply to extend the rules that determine when employers can be held vicariously liable for the alleged negligence of their employees. In 1997, this Court rejected the same argument that Barajas advances here. *Harris v. Mundy Contract Maint.*, No. 09-96-045 CV, 1997 WL 126791, 1997 Tex. App. LEXIS 1485 (Tex. App.—Beaumont Mar. 20, 1997, no writ) (not designated for publication). Although

*Harris* is not binding precedent on the court because the opinion was not designated for publication, Chief Justice Walker's opinion is persuasive regarding why the access doctrine cannot be utilized to expand the rules of vicarious liability. *Id.,* 1997 WL 126791 at \*2–3, 1997 Tex. App. LEXIS 1485 at \*\*7-9; *see also* Tex. R. App. P. 47 cmt. (comment to 2002 change in the Rule). In *Harris*, Frank Alpha, Mundy's employee, was involved in an accident while departing in his personal vehicle from the facility where he worked. *Id.,* 1997 WL 126791 at \*1, 1997 Tex. App. LEXIS 1485 at \*2. Subsequently, Alpha and Mundy were sued by John Michael Harris, who claimed he had been injured by Alpha's negligence. *Id.,* 1997 WL 126791 at \*1, 1997 Tex. App. LEXIS 1485 at \*1. The trial court granted Mundy's motion for summary judgment. *Id.* Harris appealed, arguing that the access doctrine applied, creating a question of material fact on the issue of Mundy's liability for Alpha's acts while Alpha was commuting from work. *Id.,* 1997 WL 126791 at \*1, 1997 Tex. App. LEXIS 1485 at \*2. In the opinion, Chief Justice Walker stated that the thrust of the lawsuit "against Mundy centers on vicarious liability theory, i.e., that Alpha, an employee of Mundy, was in the course and scope of his employment for Mundy at the time of the collision, even though Alpha had already clocked out and was leaving the premises for the day." *Id.* In upholding the trial court's summary-judgment ruling in Mundy's favor, Chief Justice Walker explained:

**3.** The trial court's summary judgment order does not expressly address Barajas's premises liability theory, and the order denying OCI's motion appears to limit the scope of the matters that we are asked to consider to whether OCI is vicariously liable based on the access doctrine for the tort that Obodo allegedly committed against Barajas while he was in the process of parking his vehicle in a parking lot adjacent to OCI's plant. Like the order,

OCI frames the issue in its appeal as whether OCI can be held to be vicariously liable under the circumstances in this case under the access doctrine to Barajas for Obodo's alleged negligence. Consequently, we express no opinion regarding the trial court's ruling on Barajas's theories of liability other than her theory that OCI could be held vicariously liable for Obodo's alleged negligence.

With conjecture, were the present case simply a workers compensation claim involving course and scope as between appellant Harris and Mundy, judicial honestly dictates that this Court may well take a differing view from that applied. Clearly stated, [Harris and his wife] prompt this Court to extrapolate liberal construction favoring injured employees to those not party to such relationship. This Court chooses not to pioneer this requested expansion of the law. The concept, though interesting, defies entertainment, for [Harris and his wife] seek recompense through those legal privileges available solely to [Mundy's employee] whom [Harris and his wife] have sued. Thus, we hold that [Harris and his wife's] attempted use of the "access doctrine" theory of recovery fails to raise an issue of material fact in [their] favor.

*Id.*, 1997 WL 126791 at *2–3, 1997 Tex. App. LEXIS 1485 at *7.

In distinguishing the cases discussing the access doctrine, Chief Justice Walker explained that those cases were all workers' compensation cases involving a statutory scheme which is generally liberally construed to allow the employee to receive workers' compensation benefits. *Id.*, 1997 WL 126791 at *2, 1997 Tex. App. LEXIS 1485 at *5. Moreover, the Court's opinion in *Harris* indicates that the rules applied to determine whether a worker is entitled to statutory workers' compensation benefits are not intended to apply to matters other than cases involving claims for workers' compensation benefits. *Id.*, 1997 WL 126791 at *2, 1997 Tex. App. LEXIS 1485 at **5-6.

In her appeal, all but one of the cases Barajas relies on in her brief to argue that the access doctrine should be applied to extend the rules of vicarious liability are cases that involve claims for workers' compensation benefits. *See Bountiful Brick Co. v. Giles*, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507 (1928) (reviewing the employer's appeal that concerned whether compensation benefits were owed to an employee when the employee was killed while crossing railroad tracks adjacent to the employer's premises on his way to work); *Lumberman's Reciprocal Ass'n v. Behnken*, 112 Tex. 103, 246 S.W. 72, 74 (1922) (affirming jury award of compensation benefits to a lumber company's employee killed by a train while returning to work from lunch on the basis that the "crossing in this case bore so intimate a relation to the lumber company's premises that it can hardly be treated otherwise than as a part of the premises"); *Collins v. Indem. Ins. Co. of N. Am.*, No. 04-09-00671-CV, 2011 WL 1631590 at *3, 2011 Tex. App. LEXIS 3104 at *9 (Tex. App.—San Antonio Apr. 27, 2011, pet. denied) (holding that the access doctrine did not apply when an airline employee was injured while commuting from work on a plane owned by her employer when the cause of her injury—another passenger dropping his luggage on her head while she was seated in a passenger seat on the plane—was a risk that she faced as a member of the traveling public and not as an employee seeking ingress or egress from the place she worked); *Bordwine v. Tex. Employers' Ins. Ass'n*, 761 S.W.2d 117, 120 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (overturning judgment denying compensation benefits where the employee was injured in an employee-only parking lot next to the hospital where she worked when she stepped out of her car and twisted her ankle); *Standard Fire Ins. Co. v. Rodriguez*, 645 S.W.2d 534, 538-540 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.) (upholding jury's award of compensation benefits to employee's claim where the employee was injured when she fell on some steps leading away from the building where she worked); *Tex.*

*Employers' Ins. Ass'n v. Dean*, 604 S.W.2d 346, 347, 349 (Tex. Civ. App.—El Paso 1980, no writ) (affirming jury award of compensation benefits where the employee was injured by an individual who snatched her purse while in the employer's parking lot as she was leaving work based on the access doctrine); *Weaver v. Standard Fire Ins. Co.*, 567 S.W.2d 34, 35-36 (Tex. Civ. App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.) (in dicta, noting that had the attorney in a workers' compensation trial requested that the trial court instruct the jury on the access doctrine, it would have applied under circumstances showing that the employee slipped and fell while leaving work and walking to her car which was parked in a parking lot her employer designated where she should park); *Kelty v. Travelers Ins. Co.*, 391 S.W.2d 558, 559, 565 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.) (reversing judgment based on the compensation carrier's motion for summary judgment because an issue of material fact existed on whether the employee was entitled to compensation benefits when the facts showed the employee was injured when she fell on a sidewalk next to the building where she worked while returning from lunch); *Tex. Employers' Ins. Ass'n v. Boecker*, 53 S.W.2d 327, 329 (Tex. Civ. App.—Dallas 1932, writ ref'd) (applying the access doctrine to uphold compensation award to an employee who suffered fatal injuries in close proximity to the location where he worked as a night watchman such that the jury was entitled to consider it as a practical matter part of his employer's premises). Although these cases discuss the access doctrine, none of the cases indicate that any of these courts intended the judicially created "access doctrine" to apply outside the workers' compensation context.

Barajas also relies on the opinion of a federal district judge in *United States Fire Insurance Company v. Deering Management Group, Inc.*, 946 F.Supp. 1271 (N.D. Tex. 1996), to support her argument seeking to expand the rules of vicarious liability and make employers liable for torts committed by their employees driving their personal vehicles while commuting to work if the collision occurs in a lot where the employers arranged for their employees to park. However, *Deering* is an insurance coverage dispute involving the construction of a commercial general liability policy. *Id.* at 1273-74, 1279, 1282. In *Deering*, the question was whether the policy covered a judgment obtained against the business by an employee who was sexually assaulted as she was leaving work. *Id.* The opinion indicates that the assault occurred on the employer's premises. *Id.* at 1273. The coverage dispute, according to the district court, turned on whether the employment exclusion in the commercial liability policy applied to the circumstances where the employee was leaving work but the assault occurred on the business's premises. *Id.* at 1282. While the opinion includes a discussion of the insurance carrier's argument that the access doctrine applied to exclude coverage under the policy for the business's claim, the opinion also indicates that following an insurance coverage trial, the district court found that Fire Insurance Company, under the policy that it issued to the owner of the premises where the assault occurred, had "a duty to" "pay the judgment" the employee obtained against the business. *Id.* at 1284. Thus, a careful reading of *Deering* shows that the district court ultimately determined that the access doctrine did not apply under the facts that were proven during the trial. *Id.* at 1283 (recognizing that if the district court determined in a trial that the access doctrine did not apply, the insurance carrier "would be bound to provide coverage"). Thus, *Deering* does not support Barajas's argument that the

courts have used the access doctrine to expand the rules of vicarious liability beyond the workers' compensation arena.

■ At common law, an employer is generally liable for the torts of its employees "only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007) (internal quotation omitted). To demonstrate that an employee was acting in furtherance of his employer's business, the evidence must demonstrate that the employee's act was (1) committed within the scope of the general authority of the employee, (2) in furtherance of the employer's business, and (3) for accomplishing the object or purpose for which the employee was hired. *Bell v. VPSI, Inc.*, 205 S.W.3d 706, 715 (Tex. App.—Fort Worth 2006, no pet.) (citing *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972); *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)).

■ The general rule is that "[a]n employer ordinarily will not be liable for torts committed by off-duty employees except when the torts were committed on the employer's premises or with the employer's chattels." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404-05 (Tex. 2009). Applying Texas law, Texas courts have consistently held that the employer is not vicariously liable for the torts committed by employees when their connection to their job shows they were merely commuting to work. *See Wilie v. Signature Geophysical Servs., Inc.*, 65 S.W.3d 355, 359 (Tex. App.—Houston [14th Dist.]

2001, pet. denied); *Stapp Drilling Co. v. Roberts*, 471 S.W.2d 131, 135 (Tex. App.—Corpus Christi 1971, writ ref'd n.r.e). "The rule is based on the premise that an injury occurring while traveling to and from work has nothing to do with the risks associated with a place of employment." *Wilie*, 65 S.W.3d at 359.

■ In this case, OCI's summary-judgment evidence conclusively established that Obodo was driving his personal vehicle while on his way to work and had nothing to do with the risks associated with his job as a mechanical engineer. And, nothing in the summary-judgment record shows that OCI had the right to control or controlled the manner that Obodo drove his truck on the day his truck struck Barajas in the parking lot next to OCI's plant. We sustain OCI's issue, and hold the trial court erred by failing to grant OCI's motion for summary judgment on Barajas's claim seeking to hold OCI vicariously liable for Obodo's allegedly negligent operation of his truck. We reverse the trial court's order denying OCI's motion as to Barajas's vicarious liability claim, and we remand the case to the trial court for further proceedings consistent with the Court's opinion. *See* Tex. R. App. P. 43.2(d).[4]

REVERSED AND REMANDED.

---

4. This permissive appeal concerns Barajas's vicarious liability claim against OCI; therefore, the opinion does not dispose of any of Barajas's other claims against OCI because Barajas's other theories of liability are beyond the scope of the matters that OCI has raised in this appeal. *See* Tex. R. App. P. 28.3.