

# NUMBER 13-19-00107-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RUSSELL GARNETT CLANTON
AND GABRIEL FRED GARCIA,                          Appellants,

v.

INTERSTATE TELECOMMUNICATIONS, INC.,              Appellee.

### On appeal from the County Court at Law No. 2
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Hinojosa
### Memorandum Opinion by Chief Justice Contreras

Appellants Russell Garnett Clanton and Gabriel Fred Garcia appeal a summary judgment granted in favor of appellee Interstate Telecommunications, Inc. (ITI). By five issues, which we treat as three, appellants argue that the trial court erred when it: (1) granted summary judgment on appellants' negligent-hiring claim; (2) overruled

appellants' objections to ITI's summary judgment evidence; and (3) granted summary judgment on appellants' vicarious-liability claim. We reverse and remand for further proceedings consistent with this memorandum opinion.

## I. BACKGROUND

On or around September 10, 2016, appellants were involved in a car accident with a vehicle driven by Justin Kell, an employee of ITI. In their live petition, appellants alleged that Kell was attempting to pass their vehicle "at an excessive rate of speed" when "Kell lost control and struck [appellants'] truck, causing both vehicles to run off the road and roll over several times." Kell was driving back to Corpus Christi, Texas after an overnight trip to McAllen, Texas to service payphones at the request of ITI.

Appellants brought suit against Kell, ITI, and Michelle Roddel.[1] They alleged Kell was acting in the course and scope of employment and asserted causes of action against ITI for negligent hiring and for vicarious liability. ITI filed a traditional motion for summary judgment arguing that it did not owe a duty to appellants because Kell "was not in the course and scope of his employment when [appellants'] alleged damages were sustained . . . ."[2] In support of its motion, ITI attached an affidavit by its president, Frank Zimmerer, and answers by Kell and Roddel to ITI's requests for admissions.

Appellants filed a response to ITI's motion for summary judgment; attached excerpts from depositions of Zimmerer, Kell, and Roddel; and objected to the evidence submitted by ITI in support of its motion. After a hearing, the trial court overruled

---

[1] The vehicle Kell was driving belonged to Roddel. Kell and Roddel are not parties to this appeal.

[2] ITI's motion was titled "Traditional and No Evidence Motion for Summary Judgment," but the motion only advanced the traditional summary judgment argument discussed in this memorandum opinion. *See* TEX. R. CIV. P. 166a(c).

appellants' objections, granted summary judgment to ITI, and dismissed "the claims asserted by" appellants. Appellants filed a motion to sever their claims against ITI, and the trial court granted it. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review a trial court's decision on a motion for summary judgment de novo. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam). In a traditional motion for summary judgment, the movant has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Katy Venture*, 469 S.W.3d at 163. Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). A defendant who conclusively negates at least one of the elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

Once the moving party produces evidence establishing its right to summary judgment as a matter of law, the burden shifts to the nonmovant to produce evidence that raises a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 376 (Tex. 1996). To determine if the nonmovant raised a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Hawthorne v. Guenther*, 461 S.W.3d 218, 221 (Tex. App.—San Antonio 2015, pet.

3

denied). If the trial court grants summary judgment without specifying the grounds for granting the motion, then we must uphold the trial court's judgment if any of the asserted grounds are meritorious. *Davis v. West*, 433 S.W.3d 101, 109 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Rogers v. RREF II CB Acquisitions, LLC*, 533 S.W.3d 419, 426 (Tex. App.— Corpus Christi–Edinburg 2016, no pet.). A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *Id.*

## B. Negligent Hiring

By their first issue, appellants argue that the trial court erred when it granted appellee's motion for summary judgment in regard to their negligent hiring claim.

To prevail on a cause of action for negligent hiring, a plaintiff must prove: (1) the employer owed the plaintiff a duty to hire, supervise, train, or retain competent employees; (2) the employer breached that duty; (3) the employee committed a tort; and (4) the employer's breach and the employee's tort proximately caused the plaintiff's injury.[3] *See THI of Tex. at Lubbock I, LLC v. Perea¸* 329 S.W.3d 548, 573 (Tex. App.—Amarillo 2010, pet. denied); *EMI Music Mex., S.A. de C.V. v. Rodriguez*, 97 S.W.3d 847, 858 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see also Endeavor Energy Res., L.P. v.*

---

[3] We note that the Texas Supreme Court has "not ruled definitively on the existence, elements, and scope" of a negligent-hiring claim and has "recognized that it is 'factually similar' to a claim for negligent entrustment." *Endeavor Energy Res., L.P. v. Cuevas*, 593 S.W.3d 307, __, 2019 WL 1966625, at *2–3 (Tex. May 3, 2019) (quoting *Wansey v. Hole*, 379 S.W.3d 246, 248 (Tex. 2012) (per curiam); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n. 27 (Tex. 2010)). The elements of a cause of action for negligent entrustment of a motor vehicle are: (1) the owner of a vehicle entrusted it to another person; (2) that person was an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, the owner knew or should have known that the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the owner's entrustment and the driver's negligence proximately caused the plaintiff's injuries. *See 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 & n.6 (Tex. 2016).

*Cuevas*, 593 S.W.3d 307, __, 2019 WL 1966625, at *2–3 (Tex. 2019). A claim for negligent hiring is based on direct liability, not on vicarious liability. *Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 100–01 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.). An employer owes a duty to the general public to ascertain the qualifications and competence of the employee it hires, especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety of others. *Dangerfield*, 264 S.W.3d at 912. The main advantage of a negligent-hiring claim is that it does not require a finding that the employee was acting in the scope of employment when the tortious act occurred. *See Moore Freight Servs., Inc. v. Munoz*, 545 S.W.3d 85, 98 (Tex. App.—El Paso 2017, pet. denied); *Soon Phat, L.P.*, 396 S.W.3d at 100; *Dietes v. Baker Serv. Tools*, 739 S.W.2d 405, 408 (Tex. App.—Corpus Christi–Edinburg 1987, writ denied) ("[A]n action for negligent hiring provides a remedy to injured third parties who would be foreclosed from recovery under the master-servant doctrine since the wrongful acts of employees in these cases are likely to be outside the scope of employment or not in furtherance of the master's business.").

In its motion for summary judgment, ITI's only argument was that it owed no duty to appellants because Kell was not in the course and scope of employment at the time of the accident; however, that the defendant acted within the course and scope of employment is not an element of a negligent hiring claim. *See Munoz*, 545 S.W.3d at 98; *Dietes*, 739 S.W.2d at 408 ("If course and scope was a required element of a negligent hiring and supervision claim, negligent hiring and supervision as a unique cause of action would be rendered superfluous by the *respondeat superior* doctrine."). Accordingly, ITI

5

was not entitled to summary judgment on appellants' claim for negligent hiring. *See* Tex. R. Civ. P. 166a(c); *Nall*, 404 S.W.3d at 555; *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

ITI argues on appeal that, because Kell was not acting in the course and scope of employment, his actions were not "job related," and that this disproves that the accident was foreseeable. *See Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (per curiam) (noting that foreseeability of the risk is an element of proximate causation); *see also Moore v. Strike, LLC*, No. 04-16-00324-CV, 2017 WL 96130, at *7 (Tex. App.—San Antonio Jan. 11, 2017, no pet.) (mem. op.) (concluding that summary judgment on negligent hiring claim was proper because defendant argued conduct was not foreseeable because it was not job-related and out of the course and scope of employment). We are not persuaded. ITI did not argue in its motion that Kell not acting in the course and scope of employment defeated any of the elements of a negligent hiring cause of action or that it impacted foreseeability in any way. *See* Tex. R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam) ("[T]he court of appeals cannot 'read between the lines' or infer from the pleadings any grounds for granting summary judgment other than those grounds expressly set forth before the trial court."); *Seaway Prods. Pipeline Co. v. Hanley*, 153 S.W.3d 643, 649 (Tex. App.—Fort Worth 2004, no pet.) (providing that the grounds in the motion are sufficiently specific if they give "fair notice" to the nonmovant).

We sustain appellants' first issue.

## C. ITI's Summary Judgment Evidence

By their second issue, appellants argue that the trial court erred when it overruled appellants' objections to ITI's summary judgment evidence.

### 1. Admissions of Kell & Roddel

In support of its motion for summary judgment, ITI attached responses to requests for admissions it propounded to Roddel and Kell.

Kell's responses provided:

**REQUEST FOR ADMISSION 1:** Admit that you were not in the course and scope of your employment with [ITI] when the incident occurred.

> **RESPONSE: Admit**

**REQUEST FOR ADMISSION 2:** Admit that you were not driving a vehicle during the incident that was owned by [ITI].

> **RESPONSE: Admit**

**REQUEST FOR ADMISSION 3:** Admit that you were not driving a vehicle during the incident that was leased by [ITI].

> **RESPONSE: Admit**

**REQUEST FOR ADMISSION 4:** Admit that the vehicle that you were driving during the incident was not being used for any business or work associated with [ITI].

> **RESPONSE: Admit**

Roddel's responses provided:

**REQUEST FOR ADMISSION 1:** Admit that you owned the vehicle Justin Kell was using at the time of the accident.

> **RESPONSE: Admit**

**REQUEST FOR ADMISSION 2:** Admit that your vehicle is not used for business or work associated with [ITI].

> **RESPONSE: Admit**

7

**REQUEST FOR ADMISSION 3:** Admit that you have no employment association with [ITI].

**RESPONSE: Admit**

**REQUEST FOR ADMISSION 4:** Admit your connection with Justin Kell is not related to his employment with [ITI].

**RESPONSE: Admit**

Appellants objected to responses 1, 2, 3, and 4 by both Kell and Roddel because "[m]atters admitted by one defendant are not conclusively established as to another defendant." Thus, appellants argued, these responses constituted incompetent summary judgment evidence and were inadmissible. We agree. The rule explicitly says that a matter admitted is conclusively established only "as to the party making the admission." *See* TEX. R. CIV. P. 198.3 ("A matter admitted under this rule is conclusively established as to the party making the admission"); *U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 608 (Tex. 2008) ("Rule 198 expressly provides that a response to a request for admission can only be used against 'the party making the admission'"); *Allen v. Allen*, 280 S.W.3d 366, 376 (Tex. App.—Amarillo 2008, pet. denied) ("In a suit against multiple defendants, evidence in the form of responses to requests for admissions made by one defendant is not admissible against other defendants."). Appellees cite no authority providing that an admission by a third-party defendant may be used against a plaintiff, and we find none. Therefore, we conclude the trial court abused its discretion when it overruled appellants' objection to the admission of the responses by Kell and Roddel.

## 2. Frank Zimmerer's Affidavit

Appellants also objected to paragraphs 5, 6, and 9 of Zimmerer's affidavit, which ITI attached to its motion for summary judgment. Zimmerer's affidavit provided:

1. My name is Frank Zimmerer. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the President of [ITI] which has been sued in this action in connection with an accident involving a driver named Justin Christopher Kell.

3. I have knowledge regarding all persons employed by [ITI].

4. I have knowledge of when employees are actual [sic] working for [ITI].

5. On September 10, 2016, Justin Christopher Kell was not acting in the course and scope of the employment with [ITI] at the time of the accident. He was not on duty at that time.

6. On September 10, 2016, at the time of the accident Justin Christopher Kell was not under the direction or control of [ITI].

7. On September 10, 2016, Justin Christopher Kell was not operating a vehicle that was controlled by [ITI] at the time of the accident.

8. [ITI] exercises no control over the actions of employees when they are off duty and are not acting in the course and scope of their employment.

9. At the time of the occurrence of the accident that this [sic] subject of this litigation, [ITI] exercised no control over the actions of Justin Christopher Kell.

Appellants objected to paragraphs 5, 6, and 9 as irrelevant to a claim for negligent hiring. For evidence to be admissible, it must be relevant. TEX. R. EVID. 402. Relevant evidence is evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. These paragraphs are relevant because, whether or not they addressed an element of a negligent hiring claim, they addressed an element of a vicarious liability claim. *See id.*; *Painter v. Ameritex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018). The trial court did not err in overruling appellants' objection as to relevance.

Appellants also objected to paragraphs 5, 6, and 9 because they were conclusory. A conclusory statement is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." *La China v. Woodlands Operating Co., L.P.*, 417 S.W.3d 516, 520 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008); *LeBlanc v. Lamar State Coll.*, 232 S.W.3d 294, 301 (Tex. App.—Beaumont 2007, no pet.) ("Statements are conclusory if they fail to provide underlying facts to support their conclusions."). Zimmerer's affidavit sets out that he has personal knowledge of facts regarding Kell's employment with ITI because he is the president of ITI and has knowledge "regarding all persons employed by" ITI. *See Garner v. Long*, 106 S.W.3d 260, 267 (Tex. App.—Fort Worth 2003, no pet.) ("To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, setting forth such facts as would be admissible in evidence, and must affirmatively show that the affiant is competent to testify to matters stated therein."); *Krishnan v. Law Offices of Preston Henrichson, P.C.*, 83 S.W.3d 295, 300 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied). Further, Zimmerer states that Kell was not on duty or driving a vehicle owned by ITI at the time of the accident and that ITI exercises no control over the employees when they are off duty. Thus, the paragraphs objected to were not conclusory because Zimmerer's affidavit furnishes some factual information as to these paragraphs that could have been rebutted. *See La China*, 417 S.W.3d at 520; *Rivera v. White*, 234 S.W.3d 802, 808 (Tex. App.—Texarkana 2007, no pet.).

Appellants additionally objected to paragraphs 5, 6, and 9 because they were from an interested witness and not clear, free from contradiction, and uncontroverted. We note

that "[o]ur summary judgment rule permits the granting of a summary judgment on the basis of uncontroverted testimonial evidence of an interested witness if that evidence 'is clear, positive and direct, and otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989) (citing TEX. R. CIV. P. 166a(c)). "Could have been readily controverted" means that the "testimony at issue is of a nature which can be effectively countered by opposing evidence." *Id.* Paragraphs 5, 6, and 9 could have been readily controverted because appellants could have produced opposing evidence showing that Kell was in the course and scope of his employment and under the control or direction of ITI. *See Painter*, 561 S.W.3d at 131–37; *Casso*, 776 S.W.2d at 558; *La China*, 417 S.W.3d at 520–21.

Finally, appellants objected to paragraphs 5 and 6 because they constituted a legal opinion. "An affidavit supporting or opposing a motion for summary judgment must set forth facts, not legal conclusions." *Krishnan*, 83 S.W.3d at 299. However, legal conclusions based on underlying facts that have been stated are not necessarily improper. *See Montemayor v. Chapa*, 61 S.W.3d 758, 764 (Tex. App.—Corpus Christi– Edinburg 2001, no pet.), *disapproved on other grounds by Coco v. Port of Corpus Christi Auth.*, 132 S.W.3d 689, 691–92 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.); *Aldridge v. De Los Santos*, 878 S.W.2d 288, 296–97 (Tex. App.—Corpus Christi– Edinburg 1994, writ dism'd w.o.j.). Zimmerer's affidavit explains who he is and how he is competent to testify about whether Kell was on duty at the time of the accident and whether he was under the supervision or control of ITI. *See* TEX. R. CIV. P. 166a(f); *Brownlee v. Brownlee* 665 S.W.2d 111, 112 (Tex. 1984); *Choctaw Props., L.L.C. v. Aledo*

11

*I.S.D.*, 127 S.W.3d 235, 244 (Tex. App.—Waco 2003, no pet.); *Krishnan*, 83 S.W.3d at 299–300. His conclusions that Kell was not in the course and scope of his employment or under the direction or control of ITI were based on underlying facts that Zimmerer stated in his affidavit. *See Montemayor*, 61 S.W.3d at 764.

### 3. Conclusion

We sustain appellants' second issue in part, concluding that the trial court erred when it overruled their objections to the admissions made by Kell and Roddel. We overrule the remainder of appellants' second issue.

## D. Vicarious Liability

By their third issue, appellants argue that the trial court erred when it granted summary judgment in favor of ITI on their vicarious liability claim.[4]

Vicarious liability is a theory of liability that allows for an employer to be held liable for its employee's tort if the tort was committed while the employee was acting in the course and scope of his or her employment. *See Painter*, 561 S.W.3d at 131; *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). The tort can be the result of the employee's negligent or intentional conduct. *See GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 617–18 (Tex. 1999); *Magnolia Petroleum Co. v. Guffey*, 102 S.W.2d 408, 409 (Tex. 1937). "[T]o prove an employer's vicarious liability for a worker's negligence,

---

[4] Appellants argue ITI's summary motion advanced a "no duty" argument only as to only their negligent hiring claim, but not their vicarious liability claim. We disagree. A motion for summary judgment must state the grounds on which it is made. TEX. R. CIV. P. 166a(c); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). A trial court cannot grant a summary judgment on grounds not presented in the motion. *G&H Towing Co. v. Magee*, 505 S.W.3d 555, 297 (Tex. 2011); *see Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555, 566 (Tex. 2016). Here, while ITI's motion does not specifically state it applies to appellants' vicarious liability cause of action, it argues that ITI is entitled to summary judgment "on any cause of action rooted in the theory of negligence." Accordingly, we conclude that ITI's "no duty" argument included appellants' claim for vicarious liability. *See* TEX. R. CIV. P. 166a(c); *Bradshaw*, 457 S.W.3d at 79; *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 617–18 (Tex. 1999).

the plaintiff must show that, at the time of the negligent conduct, the worker was (1) an employee and (2) was acting in the course and scope of his employment." *Painter*, 561 S.W.3d at 131.

Within the scope of employment means that the action was "within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Painter*, 561 S.W.3d at 131; *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). And "the act must be of the same general nature as the conduct authorized or incidental to the conduct authorized." *Painter*, 561 S.W.3d at 131. Conduct may be within the course and scope of employment even if done in part to serve the purposes of the employee or a third person. *Best Steel Bldgs., Inc. v. Hardin*, 553 S.W.2d 122, 128 (Tex. App.—Tyler 1977, writ ref'd n.r.e.); *see Gilgon, Inc. v. Hart*, 893 S.W.2d 562, 568 (Tex. App.—Corpus Christi–Edinburg 1994, writ denied) (noting that employee's actions may still be within the course and scope of employment even if private matters are mixed with business errand).

Furthermore, when an employee is involved in an accident while driving a motor vehicle, there are special rules to determine whether the employee was within the scope of employment at the time of the accident. *See Painter*, 561 S.W.3d at 135–37. Generally, an employer is not liable for the acts of an employee while traveling to and from work. *Id.* at 136. However, there is an exception to this rule when the employee is on a "special mission" for the employer. *See id.* at 136–37.

A special mission is a specific errand that an employee performs for the employer either as part of his or her duties or at the employer's request. *Am. Gen. Ins. v. Coleman*, 303 S.W.2d 370, 374–75 (Tex. 1957); *Wilie v. Signature Geophysical Servs., Inc.*, 65

13

S.W.3d 355, 359 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Upton v. Gensco, Inc.*, 962 S.W.2d 620, 621–22 (Tex. App.—Fort Worth 1997, pet. denied). It can involve work or work-related activity outside of the employee's regular job duties. *Soto v. Seven Seventeen HBE Corp.*, 52 S.W.3d 201, 206 (Tex. App.—Houston [14th Dist.] 2000, no pet.). For example, an employee was on a special mission when his employer sent him to Houston for supplies, he was entitled to mileage for the trip, and he was told to use his own car, not the company truck. *See Best Steel Bldgs., Inc.*, 553 S.W.2d at 127–28. If an employee is sent on a special mission, then he is considered as still on such mission while returning from the place to which he was required to go by his employer, unless he deviates from the purpose of his mission and engages in an enterprise of his own. *Id.* at 129; *see Shelton v. Standard Ins.*, 389 S.W.2d 290, 293 (Tex. 1965); *see also Painter*, 561 S.W.3d at 136 n.14 (rejecting notion that an employee is not engaged in the furtherance of employer's business when the employer does not require any particular route). Whether the "special mission" exception applies "depends heavily on the facts and circumstances of the case." *Painter*, 561 S.W.3d at 136.

Here, the element of appellants' vicarious liability claim that was disputed in ITI's summary judgment motion is whether Kell was in the course and scope of his employment when the accident occurred. *See Painter*, 561 S.W.3d at 131. Per our previous discussion, the only admissible evidence submitted by ITI in support of its motion was Zimmerer's affidavit. Zimmerer's affidavit supported the contention that Kell was not in the course and scope of his employment at the time the accident occurred by providing that Kell was not on duty at the time and not under the control and direction of ITI. *See*

14

*id.* at 136. This shifted the burden to appellants to raise an issue of fact. *See Walker*, 924 S.W.2d at 376.

In their response to ITI's motion for summary judgment, appellants argued that Kell was in the course and scope of employment "and/or in a special mission" for ITI. They attached in support, among other things, portions of depositions of Kell, Rondell, and Zimmerer.

In Zimmerer's deposition, he explains that Kell was hired by ITI to service pay phones. According to Zimmerer, going to the location and coming back was part of Kell's job and, if an employee of ITI leaves the house to work on telephones, then the employee is going to do work for the benefit of ITI. *See Painter*, 561 S.W.3d at 136–38 (noting that if the drive to and from work is part of the employee's assigned job duties, then the employee may be within the scope of employment); *Arbelaez*, 149 S.W.3d at 719 (concluding that a fact issue was raised as to whether employee was on a special mission because there was evidence that employer benefitted from employee's act). Further, Zimmerer explained that "the basis of [Kell's] activity was in Corpus, but he would go to the valley as needed" and that Kell gets reimbursed for mileage when he goes to the valley because he is doing it on behalf of ITI for the benefit of ITI. *See Arbelaez*, 149 S.W.3d at 723 (noting that employee's manager asked employee to perform a specific errand on a routine basis and that the errand benefitted the employer). In his deposition, Kell states that he "mostly" works out of Corpus Christi but that "there's no telling" where ITI might send him.

Viewing this evidence in the light most favorable to appellants and indulging every reasonable inference therefrom, we conclude that appellants raised a fact issue as to

15

whether Kell was in the course and scope of his employment or on a special mission at the time of the accident. *See Painter*, 561 S.W.3d at 136–37 (noting that in "the course and scope of employment" means within the scope of the employee's general authority, in furtherance of the employer's business, and for the accomplishment of the object for which he was hired); *Arbelaez*, 149 S.W.3d at 720 (noting that course and scope of employment is generally a fact issue); *Chevron, U.S.A., Inc. v. Lee*, 847 S.W.2d 354, 355–56 (Tex. App.—El Paso 1993, no pet.) (concluding employee was on a special mission while en route to a mandatory seminar); *Best Steel Bldgs., Inc.*, 553 S.W.2d at 127–28; *see also OCI Beaumont LLC v. Barajas*, 520 S.W.3d 83, 91 (Tex. App.—Beaumont 2017, no pet.) ("Applying Texas law, Texas courts have consistently held that the employer is not vicariously liable for the torts committed by employees when their connection to their job shows they were merely commuting to work.").

We sustain appellants' third issue.

### III.   CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS<br>
Chief Justice

Delivered and filed the
16th day of April, 2020.